# IN THE UNITED STATES COURT OF APPEALS
# FOR THE FIFTH CIRCUIT

No. 13-60253
Summary Calendar

United States Court of Appeals
Fifth Circuit

**FILED**

March 5, 2014

Lyle W. Cayce
Clerk

NOEL REYES MATA, also known as Alberto Reyes Reyes,

Petitioner

v.

ERIC H. HOLDER, JR., U. S. ATTORNEY GENERAL,

Respondent

Petitions for Review of an Order of the
Board of Immigration Appeals
BIA No. A200 723 795

Before BARKSDALE, HAYNES, and HIGGINSON, Circuit Judges.

PER CURIAM:[*]

Noel Reyes Mata, a native and citizen of Mexico, was ordered removed from the United States in 2010. His appeal to the Board of Immigration Appeals (BIA) was dismissed after his attorney failed to file an appellate brief.

Mata subsequently filed an untimely motion to reopen his removal proceedings, based on a claim of ineffective assistance of counsel, and asking

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

No. 13-60253

the BIA to equitably toll the applicable filing period or exercise its authority to reopen his proceedings *sua sponte*. The BIA denied Mata's motion.

Mata then filed a motion to reconsider. The BIA denied it as well.

Mata seeks review of the BIA's denial of his motions to reopen and to reconsider. He acknowledges his motion to reopen was filed outside the 90-day filing period, after the BIA dismissed his original appeal. *See* 8 C.F.R. § 1003.2(c)(2) (reopening or reconsideration before the BIA). He asserts, however, the BIA should have equitably tolled the filing period because his attorney's failure to file a brief to the BIA deprived him of his right to appeal and violated his due-process rights.

In this circuit, an alien's request for equitable tolling on the basis of ineffective assistance of counsel is construed as an invitation for the BIA to exercise its discretion to reopen the removal proceeding *sua sponte*. *Ramos-Bonilla v. Mukasey*, 543 F.3d 216, 220 (5th Cir. 2008). As the BIA has complete discretion in determining whether to reopen *sua sponte* under 8 C.F.R § 1003.2(a), and we have no meaningful standard against which to judge that exercise of discretion, we lack jurisdiction to review such decisions. *Id.*

Although Mata challenges our court's decision in *Ramos-Bonilla* as decided incorrectly, we may not overturn the prior decision of another panel of our court, absent an intervening change in the law, such as a statutory amendment, or a contrary or superseding decision by either the Supreme Court or this court *en banc*. *E.g.*, *Jacobs v. Nat'l Drug Intelligence Ctr.*, 548 F.3d 375, 378 (5th Cir. 2008). Along that line, Mata asserts the Supreme Court, in *Kucana v. Holder*, overturned this court's decision in *Ramos-Bonilla*. Mata overstates the reach of *Kucana*; there, the Supreme Court "express[ed] no opinion on whether federal courts may review the [BIA]'s decision not to reopen removal proceedings *sua sponte*". 558 U.S. 233, 251 n.18 (2010). Because we

2

No. 13-60253

lack jurisdiction to review the BIA's denial of Mata's untimely motion to reopen, we need not address the merits of Mata's equitable-tolling, ineffective-assistance-of-counsel, and due-process claims.

Additionally, Mata appears to seek review of the BIA's denying his motion to reconsider its denial of his motion to reopen. He fails, however, to provide adequate briefing addressing the BIA's decision on the motion to reconsider, and, as such, has abandoned any challenge he might have raised regarding that decision. *See, e.g.*, *Thuri v. Ashcroft*, 380 F.3d 788, 793 (5th Cir. 2004).

DISMISSED in part; DENIED in part.