(Slip Opinion) OCTOBER TERM, 2014 1

Syllabus

NOTE: Where it is feasible, a syllabus (headnote) will be released, as is being done in connection with this case, at the time the opinion is issued. The syllabus constitutes no part of the opinion of the Court but has been prepared by the Reporter of Decisions for the convenience of the reader. See *United States* v. *Detroit Timber & Lumber Co.,* 200 U. S. 321, 337.

# SUPREME COURT OF THE UNITED STATES

Syllabus

## REYES MATA *v.* LYNCH, ATTORNEY GENERAL

### CERTIORARI TO THE UNITED STATES COURT OF APPEALS FOR THE FIFTH CIRCUIT

No. 14–185.   Argued April 29, 2015—Decided June 15, 2015

After petitioner Noel Reyes Mata, an unlawful resident alien, was convicted of assault in a Texas court, an Immigration Judge ordered him removed to Mexico.  Mata's attorney filed a notice of appeal with the Board of Immigration Appeals (BIA or Board), but never filed a brief, and the appeal was dismissed.  Acting through different counsel, Mata filed a motion to reopen his removal proceedings, as authorized by statute.  See 8 U. S. C. §1229a(c)(7)(A).  Acknowledging that he had missed the 90-day deadline for such motions, see §1229a(c)(7)(C)(i), Mata argued that his previous counsel's ineffective assistance was an exceptional circumstance entitling him to equitable tolling of the time limit.  But the BIA disagreed and dismissed the motion as untimely. The BIA also declined to reopen Mata's removal proceedings *sua sponte* based on its separate regulatory authority.   See 8 CFR §1003.2(a).  On appeal, the Fifth Circuit construed Mata's equitable tolling claim as an invitation for the Board to exercise its regulatory authority to reopen the proceedings *sua sponte*, and—because circuit precedent forbids the court to review BIA decisions not to exercise that authority—dismissed Mata's appeal for lack of jurisdiction.

*Held:* The Fifth Circuit erred in declining to take jurisdiction over Mata's appeal.  A court of appeals has jurisdiction to review the BIA's rejection of an alien's motion to reopen. *Kucana* v. *Holder*, 558 U. S. 233, 253.  Nothing about that jurisdiction changes where the Board rejects a motion as untimely, or when it rejects a motion requesting equitable tolling of the time limit.  That jurisdiction likewise remains unchanged if the BIA's denial also contains a separate decision not to exercise its *sua sponte* authority.  So even assuming the Fifth Circuit is correct that courts of appeals lack jurisdiction to review BIA decisions not to reopen cases *sua sponte*, that lack of jurisdiction does not

affect jurisdiction over the decision on the alien's motion to reopen. It thus follows that the Fifth Circuit had jurisdiction over this case.

The Fifth Circuit's contrary decision rested on its construing Mata's motion as an invitation for the Board to exercise its *sua sponte* discretion. Court-appointed *amicus* asserts that the Fifth Circuit's recharacterization was based on the premise that equitable tolling in Mata's situation is categorically forbidden. In *amicus*'s view, the court's construal was therefore an example of the ordinary practice of recharacterizing a doomed request as one for relief that may be available. But even if equitable tolling is prohibited, the Fifth Circuit's action was not justified. If Mata is not entitled to relief on the merits, then the correct disposition is to take jurisdiction and affirm the BIA's denial of his motion. For a court retains jurisdiction even if a litigant's request for relief lacks merit, see *Steel Co.* v. *Citizens for Better Environment*, 523 U. S. 83, 89, and a federal court has a "virtually unflagging obligation," *Colorado River Water Conservation Dist.* v. *United States*, 424 U. S. 800, 817, to assert jurisdiction where it has that authority. Nor can the established practice of recharacterizing pleadings so as to offer the possibility of relief justify an approach that, as here, renders relief impossible and sidesteps the judicial obligation to assert jurisdiction. Pp. 4–8.

558 Fed. Appx. 366, reversed and remanded.

KAGAN, J., delivered the opinion of the Court, in which ROBERTS, C. J., and SCALIA, KENNEDY, GINSBURG, BREYER, ALITO, and SOTOMAYOR, JJ., joined. THOMAS, J., filed a dissenting opinion.

NOTICE: This opinion is subject to formal revision before publication in the preliminary print of the United States Reports. Readers are requested to notify the Reporter of Decisions, Supreme Court of the United States, Washington, D. C. 20543, of any typographical or other formal errors, in order that corrections may be made before the preliminary print goes to press.

# SUPREME COURT OF THE UNITED STATES

No. 14–185

NOEL REYES MATA, PETITIONER *v.* LORETTA E. LYNCH, ATTORNEY GENERAL

ON WRIT OF CERTIORARI TO THE UNITED STATES COURT OF APPEALS FOR THE FIFTH CIRCUIT

[June 15, 2015]

JUSTICE KAGAN delivered the opinion of the Court.

An alien ordered to leave the country has a statutory right to file a motion to reopen his removal proceedings. See 8 U. S. C. §1229a(c)(7)(A). If immigration officials deny that motion, a federal court of appeals has jurisdiction to consider a petition to review their decision. See *Kucana* v. *Holder*, 558 U. S. 233, 242, 253 (2010). Notwithstanding that rule, the court below declined to take jurisdiction over such an appeal because the motion to reopen had been denied as untimely. We hold that was error.

I

The Immigration and Nationality Act (INA), 66 Stat. 163, as amended, 8 U. S. C. §1101 *et seq.*, and its implementing regulations set out the process for removing aliens from the country. An immigration judge (IJ) conducts the initial proceedings; if he orders removal, the alien has the opportunity to appeal that decision to the Board of Immigration Appeals (BIA or Board). §§1229a(a)(1), (c)(5). "[E]very alien ordered removed" also

"has a right to file one motion" with the IJ or Board
to "reopen his or her removal proceedings." *Dada* v.
*Mukasey*, 554 U. S. 1, 4–5 (2008); see §1229a(c)(7)(A).
Subject to exceptions not relevant here, that motion to
reopen "shall be filed within 90 days" of the final removal
order. §1229a(c)(7)(C)(i). Finally, the BIA's regulations
provide that, separate and apart from acting on the alien's
motion, the BIA may reopen removal proceedings "on its
own motion"—or, in Latin, *sua sponte*—at any time. 8
CFR §1003.2(a) (2015).

Petitioner Noel Reyes Mata is a Mexican citizen who
entered the United States unlawfully almost 15 years ago.
In 2010, he was convicted of assault under the Texas
Penal Code. The federal Department of Homeland Secu-
rity (DHS) immediately initiated removal proceedings
against him, and in August 2011 an IJ ordered him re-
moved. See App. 6–13. Mata's lawyer then filed a notice
of appeal with the BIA, indicating that he would soon
submit a written brief stating grounds for reversing the
IJ's decision. But the attorney never filed the brief, and
the BIA dismissed the appeal in September 2012. See
App. 4–5.

More than a hundred days later, Mata (by then repre-
sented by new counsel) filed a motion with the Board to
reopen his case. DHS opposed the motion, arguing in part
that Mata had failed to file it, as the INA requires, within
90 days of the Board's decision. Mata responded that the
motion was "not time barred" because his first lawyer's
"ineffective assistance" counted as an "exceptional circum-
stance[]" excusing his lateness. Certified Administrative
Record in No. 13–60253 (CA5, Aug. 2, 2013), p. 69. In
addressing those arguments, the Board reaffirmed prior
decisions holding that it had authority to equitably toll the
90-day period in certain cases involving ineffective repre-
sentation. See App. to Pet. for Cert. 7; see also, *e.g., In re
Santa Celenia Diaz*, 2009 WL 2981747 (BIA, Aug. 21,

2009). But the Board went on to determine that Mata was not entitled to equitable tolling because he could not show prejudice from his attorney's deficient performance; accordingly, the Board found Mata's motion untimely. See App. to Pet. for Cert. 7–8. And in closing, the Board decided as well that Mata's case was not one "that would warrant reopening as an exercise of" its *sua sponte* authority. *Id.,* at 9 (stating that "the power to reopen on our own motion is not meant to be used as a general cure for filing defects" (internal quotation marks omitted)).

Mata petitioned the Court of Appeals for the Fifth Circuit to review the BIA's denial of his motion to reopen, arguing that he was entitled to equitable tolling. The Fifth Circuit, however, declined to "address the merits of Mata's equitable-tolling . . . claim[]." *Reyes Mata* v. *Holder*, 558 Fed. Appx. 366, 367 (2014) (*per curiam*). It stated instead that "[i]n this circuit, an alien's request [to the BIA] for equitable tolling on the basis of ineffective assistance of counsel is construed as an invitation for the BIA to exercise its discretion to reopen the removal proceeding *sua sponte*." *Ibid.* And circuit precedent held that courts have no jurisdiction to review the BIA's refusal to exercise its *sua sponte* power to reopen cases. See *ibid.* The Court of Appeals thus dismissed Mata's appeal for lack of jurisdiction.

Every other Circuit that reviews removal orders has affirmed its jurisdiction to decide an appeal, like Mata's, that seeks equitable tolling of the statutory time limit to file a motion to reopen a removal proceeding.[1] We granted

---

[1] See, *e.g., Da Silva Neves* v. *Holder*, 613 F. 3d 30, 33 (CA1 2010) (*per curiam*) (exercising jurisdiction over such a petition); *Iavorski* v. *INS*, 232 F. 3d 124, 129–134 (CA2 2000) (same); *Borges* v. *Gonzales*, 402 F. 3d 398, 406 (CA3 2005) (same); *Kuusk* v. *Holder*, 732 F. 3d 302, 305–306 (CA4 2013) (same); *Barry* v. *Mukasey*, 524 F. 3d 721, 724–725 (CA6 2008) (same); *Pervaiz* v. *Gonzales*, 405 F. 3d 488, 490 (CA7 2005) (same); *Hernandez-Moran* v. *Gonzales*, 408 F. 3d 496, 499–500 (CA8

certiorari to resolve this conflict. 574 U. S. ___ (2015). And because the Federal Government agrees with Mata that the Fifth Circuit had jurisdiction over his appeal, we appointed an *amicus curiae* to defend the judgment below.[2] We now reverse.

## II

As we held in *Kucana* v. *Holder*, circuit courts have jurisdiction when an alien appeals from the Board's denial of a motion to reopen a removal proceeding. See 558 U. S., at 242, 253. The INA, in combination with a statute cross-referenced there, gives the courts of appeals jurisdiction to review "final order[s] of removal." 8 U. S. C. §1252(a)(1); 28 U. S. C. §2342. That jurisdiction, as the INA expressly contemplates, encompasses review of decisions refusing to reopen or reconsider such orders. See 8 U. S. C. §1252(b)(6) ("[A]ny review sought of a motion to reopen or reconsider [a removal order] shall be consolidated with the review of the [underlying] order"). Indeed, as we explained in *Kucana*, courts have reviewed those decisions for nearly a hundred years; and even as Congress curtailed other aspects of courts' jurisdiction over BIA rulings, it left that authority in place. See 558 U. S., at 242–251.

Nothing changes when the Board denies a motion to reopen because it is untimely—nor when, in doing so, the Board rejects a request for equitable tolling. Under the INA, as under our century-old practice, the reason for the

––––––––––

2005) (same); *Valeriano* v. *Gonzales*, 474 F. 3d 669, 673 (CA9 2007) (same); *Riley* v. *INS*, 310 F. 3d 1253, 1257–1258 (CA10 2002) (same); *Avila-Santoyo* v. *United States Atty. Gen.*, 713 F. 3d 1357, 1359, 1362–1364 (CA11 2013) (*per curiam*) (same). Except for *Da Silva Neves*, which did not resolve the issue, all those decisions also held, on the merits, that the INA allows equitable tolling in certain circumstances. See *infra*, at 7–8.

[2] We appointed William R. Peterson to brief and argue the case, 574 U. S. ___ (2015), and he has ably discharged his responsibilities.

BIA's denial makes no difference to the jurisdictional issue. Whether the BIA rejects the alien's motion to reopen because it comes too late or because it falls short in some other respect, the courts have jurisdiction to review that decision.

Similarly, that jurisdiction remains unchanged if the Board, in addition to denying the alien's statutorily authorized motion, states that it will not exercise its separate *sua sponte* authority to reopen the case. See *supra,* at 1–2. In *Kucana*, we declined to decide whether courts have jurisdiction to review the BIA's use of that discretionary power. See 558 U. S., at 251, n. 18. Courts of Appeals, including the Fifth Circuit, have held that they generally lack such authority. See, *e.g., Enriquez-Alvarado* v. *Ashcroft*, 371 F. 3d 246, 249–250 (CA5 2004); *Tamenut* v. *Mukasey*, 521 F. 3d 1000, 1003–1004 (CA8 2008) (en banc) (*per curiam*) (citing other decisions). Assuming *arguendo* that is right, it means only that judicial review ends after the court has evaluated the Board's ruling on the alien's motion. That courts lack jurisdiction over one matter (the *sua sponte* decision) does not affect their jurisdiction over another (the decision on the alien's request).

It follows, as the night the day, that the Court of Appeals had jurisdiction over this case. Recall: As authorized by the INA, Mata filed a motion with the Board to reopen his removal proceeding. The Board declined to grant Mata his proposed relief, thus conferring jurisdiction on an appellate court under *Kucana*. The Board did so for timeliness reasons, holding that Mata had filed his motion after 90 days had elapsed and that he was not entitled to equitable tolling. But as just explained, the reason the Board gave makes no difference: Whenever the Board denies an alien's statutory motion to reopen a removal case, courts have jurisdiction to review its decision. In addition, the Board determined not to exercise its *sua*

*sponte* authority to reopen. But once again, that extra
ruling does not matter. The Court of Appeals did not lose
jurisdiction over the Board's denial of Mata's motion just
because the Board also declined to reopen his case *sua
sponte*.

Nonetheless, the Fifth Circuit dismissed Mata's appeal
for lack of jurisdiction. That decision, as described earlier,
hinged on "constru[ing]" Mata's motion as something it
was not: "an invitation for the BIA to exercise" its
*sua sponte* authority. 558 Fed. Appx., at 367; *supra,* at 3.
*Amicus*'s defense of that approach centrally relies on a
merits-based premise: that the INA forbids equitable
tolling of the 90-day filing period in any case, no matter
how exceptional the circumstances. See Brief for *Amicus
Curiae* by Invitation of the Court 14–35. Given that is so,
*amicus* continues, the court acted permissibly in "rechar-
acteriz[ing]" Mata's pleadings. *Id.,* at 36. After all, courts
often treat a request for "categorically unavailable" relief
as instead "seeking relief [that] may be available." *Id.,* at
35, 38. And here (*amicus* concludes) that meant constru-
ing Mata's request for equitable tolling as a request for
*sua sponte* reopening—even though that caused the Fifth
Circuit to lose its jurisdiction.

But that conclusion is wrong even on the assumption—
and it is only an assumption—that its core premise about
equitable tolling is true.[3] If the INA precludes Mata from

———————

[3] We express no opinion as to whether or when the INA allows the
Board to equitably toll the 90-day period to file a motion to reopen.
Moreover, we are not certain what the Fifth Circuit itself thinks about
that question. Perhaps, as *amicus* asserts, the court believes the INA
categorically precludes equitable tolling: It is hard to come up with any
other reason why the court construes every argument for tolling as one
for *sua sponte* relief. See Brief for *Amicus Curiae* by Invitation of the
Court 2, 10, 14, n. 2. But the Fifth Circuit has stated that position in
only a single sentence in a single unpublished opinion, which (according
to the Circuit) has no precedential force. See *Lin* v. *Mukasey*, 286 Fed.
Appx. 148, 150 (2008) (*per curiam*); Rule 47.5.4 (2015). And another

getting the relief he seeks, then the right course on appeal is to take jurisdiction over the case, explain why that is so, and affirm the BIA's decision not to reopen. The jurisdictional question (whether the court has power to decide if tolling is proper) is of course distinct from the merits question (whether tolling is proper). See *Steel Co.* v. *Citizens for Better Environment*, 523 U. S. 83, 89 (1998) ("[T]he absence of a valid . . . cause of action does not implicate subject-matter jurisdiction"). The Fifth Circuit thus retains jurisdiction even if Mata's appeal lacks merit. And when a federal court has jurisdiction, it also has a "virtually unflagging obligation . . . to exercise" that authority. *Colorado River Water Conservation Dist.* v. *United States*, 424 U. S. 800, 817 (1976). Accordingly, the Court of Appeals should have asserted jurisdiction over Mata's appeal and addressed the equitable tolling question.

Contrary to *amicus*'s view, the practice of recharacterizing pleadings so as to offer the possibility of relief cannot justify the Court of Appeals' alternative approach. True enough (and a good thing too) that courts sometimes construe one kind of filing as another: If a litigant misbrands a motion, but could get relief under a different label, a court will often make the requisite change. See, *e.g.,* 12 J. Moore, Moore's Federal Practice, §59.11[4] (3 ed. 2015) (explaining how courts treat untimely Rule 59 motions as Rule 60 motions because the latter have no time limit). But that established practice does not entail sidestepping the judicial obligation to exercise jurisdiction. And it results in identifying a route to relief, not in rendering relief impossible. That makes all the difference be-

––––––––––

unpublished decision cuts in the opposite direction, "hold[ing] that the doctrine of equitable tolling applies" when exceptional circumstances excuse an alien's failure to meet the 90-day reopening deadline. See *Torabi* v. *Gonzales*, 165 Fed. Appx. 326, 331 (CA5 2006) (*per curiam*). So, in the end, it is hard to say.

tween a court's generously reading pleadings and a court's construing away adjudicative authority.

And if, as *amicus* argues, that construal rests on an underlying merits decision—that the INA precludes any equitable tolling—then the Court of Appeals has effectively insulated a circuit split from our review. Putting the Fifth Circuit to the side, all appellate courts to have addressed the matter have held that the Board may sometimes equitably toll the time limit for an alien's motion to reopen. See n. 1, *supra.* Assuming the Fifth Circuit thinks otherwise, that creates the kind of split of authority we typically think we need to resolve. See this Court's Rule 10(a). But the Fifth Circuit's practice of recharacterizing appeals like Mata's as challenges to the Board's *sua sponte* decisions and then declining to exercise jurisdiction over them prevents that split from coming to light. Of course, the Court of Appeals may reach whatever conclusion it thinks best as to the availability of equitable tolling; we express no opinion on that matter. See n. 3, *supra.* What the Fifth Circuit may not do is to wrap such a merits decision in jurisdictional garb so that we cannot address a possible division between that court and every other.

For the foregoing reasons, we reverse the judgment of the Court of Appeals and remand the case for further proceedings consistent with this opinion.

*It is so ordered.*

# SUPREME COURT OF THE UNITED STATES

_____

No. 14–185

_____

## NOEL REYES MATA, PETITIONER *v.* LORETTA E. LYNCH, ATTORNEY GENERAL

ON WRIT OF CERTIORARI TO THE UNITED STATES COURT OF
APPEALS FOR THE FIFTH CIRCUIT

[June 15, 2015]

JUSTICE THOMAS, dissenting.

The Court's opinion in this case elides an important distinction between construing a court filing and recharacterizing it. See *Castro* v. *United States*, 540 U. S. 375, 386 (2003) (SCALIA, J., concurring in part and concurring in judgment) (discussing this distinction). Courts routinely construe ambiguous filings to make sense out of them, as parties—both counseled and uncounseled—sometimes submit documents lacking even rudimentary clarity. See, *e.g., Alabama Legislative Black Caucus* v. *Alabama*, 989 F. Supp. 2d 1227, 1287 (MD Ala. 2013) ("The filings and arguments made by the plaintiffs on these claims were mystifying at best"). Recharacterization is something very different: It occurs when a court treats an unambiguous filing as something it is not. That practice is an unusual one, and should be used, if at all, with caution. See *Castro*, 540 U. S*.,* at 385–386 (opinion of SCALIA, J.). Courts should not approach recharacterization with a freewheeling attitude, but with "regard to the exceptional nature of recharacterization within an adversarial system." *Ibid.* Recharacterization has, for example, been used "deliberately to override a *pro se* litigant's choice of a procedural vehicle." *Id.*, at 386 (disapproving of the practice). But it is not the role of courts to "create a 'better correspondence' between the substance of a claim and its underlying pro-

cedural basis." *Ibid.*

In my view, then, it makes all the difference whether the Court of Appeals here properly construed an ambiguous motion or recharacterized an unambiguous motion contrary to Mata's stated choice of procedural vehicle. Although the majority's opinion does not address this point, Mata's motion to reopen does not expressly state whether he was invoking statutory relief under 8 U. S. C. §1229a(c)(7)(A) or instead requesting *sua sponte* reopening under the Board of Immigration Appeals' asserted inherent authority. Had the Court of Appeals engaged in the discretionary action of construing that ambiguous filing, it might not have abused its discretion by concluding that Mata really meant to ask for *sua sponte* reopening rather than equitable tolling of the statutory time bar.

The Court of Appeals, however, did not purport to construe an ambiguous motion. Instead, it applied what appears to be a categorical rule that all motions to reopen that would be untimely under §1229a(c)(7)(A) must be construed as motions for *sua sponte* reopening of the proceedings. See 558 Fed. Appx. 366, 367 (CA5 2014) (*per curiam*) ("In this circuit, an alien's request for equitable tolling on the basis of ineffective assistance of counsel is construed as an invitation for the BIA to exercise its discretion to reopen the removal proceeding *sua sponte*"). That rule would appear to foreclose a litigant from ever filing an untimely statutory motion to reopen removal proceedings seeking equitable tolling, as well as to invite improper recharacterization in the event any such a motion is filed. The Court of Appeals should have assessed Mata's motion on its own terms. It erred in not doing so.

The reason it erred, though, has nothing to do with its fidelity to our precedents discussing "the judicial obligation to exercise jurisdiction," *ante,* at 7. That obligation does not allow evasion of constitutional and statutory jurisdictional prerequisites. It is true that "when a federal

court has jurisdiction, it also has a 'virtually unflagging obligation to . . . exercise' that authority." *Ibid.* (quoting *Colorado River Water Conservation Dist.* v. *United States*, 424 U. S. 800, 817 (1976)). But that "unflagging obligation" arises only if a court actually has jurisdiction. Federal courts have no obligation to seek out jurisdiction, nor should they misconstrue filings to satisfy jurisdictional requirements. Rather, federal courts should "presume that [they] lack jurisdiction unless the contrary appears affirmatively from the record." See *DaimlerChrysler Corp.* v. *Cuno*, 547 U. S. 332, 342, n. 3 (2006). And they should apply the ordinary rule that the party asserting federal jurisdiction bears the burden of proving that jurisdictional prerequisites are met. *Ibid.* The practice of construing filings does not alter the usual rules of establishing jurisdiction in federal court.

I would vacate and remand for the Court of Appeals to consider the BIA's judgment without the burden of what appears to be a categorical rule demanding that Mata's motion be construed (or recharacterized) as a request for *sua sponte* reopening. Because the majority does more than this by reversing the judgment below, I respectfully dissent.