Opinion *2153 Justice KAGANdelivered the opinion of the Court.
An alien ordered to leave the country has a statutory right to file a motion to reopen his removal proceedings. See 8 U.S.C. § 1229a(c)(7)(A). If immigration officials deny that motion, a federal court of appeals has jurisdiction to consider a petition to review their decision. See Kucana v. Holder,558 U.S. 233, 242, 253, 130 S.Ct. 827, 175 L.Ed.2d 694 (2010). Notwithstanding that rule, the court below declined to take jurisdiction over such an appeal because the motion to reopen had been denied as untimely. We hold that was error.
I
The Immigration and Nationality Act (INA), 66 Stat. 163, as amended, 8 U.S.C. § 1101 et seq.,and its implementing regulations set out the process for removing aliens from the country. An immigration judge (IJ) conducts the initial proceedings; if he orders removal, the alien has the opportunity to appeal that decision to the Board of Immigration Appeals (BIA or Board). §§ 1229a(a)(1), (c)(5). "[E]very alien ordered removed" also "has a right to file one motion" with the IJ or Board to "reopen his or her removal proceedings." Dada v. Mukasey,554 U.S. 1, 4-5, 128 S.Ct. 2307, 171 L.Ed.2d 178 (2008); see § 1229a(c)(7)(A). Subject to exceptions not relevant here, that motion to reopen "shall be filed within 90 days" of the final removal order. § 1229a(c)(7)(C)(i). Finally, the BIA's regulations provide that, separate and apart from acting on the alien's motion, the BIA may reopen removal proceedings "on its own motion"-or, in Latin, sua sponte-at any time. 8 CFR § 1003.2(a) (2015).
Petitioner Noel Reyes Mata is a Mexican citizen who entered the United States unlawfully almost 15 years ago. In 2010, he was convicted of assault under the Texas Penal Code. The federal Department of Homeland Security (DHS) immediately initiated removal proceedings against him, and in August 2011 an IJ ordered him removed. See App. 6-13. Mata's lawyer then filed a notice of appeal with the BIA, indicating that he would soon submit a written brief stating grounds for reversing the IJ's decision. But the attorney never filed the brief, and the BIA dismissed the appeal in September 2012. See App. 4-5.
More than a hundred days later, Mata (by then represented by new counsel) filed a motion with the Board to reopen his case. DHS opposed the motion, arguing in part that Mata had failed to file it, as the INA requires, within 90 days of the Board's decision. Mata responded that the motion was "not time barred" because his first lawyer's "ineffective assistance" counted as an "exceptional circumstance[ ]" excusing his lateness. Certified Administrative Record in No. 13-60253 (CA5, Aug. 2, 2013), p. 69. In addressing those arguments, the Board reaffirmed prior decisions holding that it had authority to equitably toll the 90-day period in certain cases involving ineffective representation. See App. to Pet. for Cert. 7; see also, e.g., In re Santa Celenia Diaz,2009 WL 2981747 (BIA, Aug. 21, 2009). But the Board went on to determine that Mata was not entitled to equitable tolling because he could not show prejudice from his attorney's deficient performance; accordingly, the Board found Mata's motion untimely. See App. to Pet. for Cert. 7-8. And in closing, the Board decided as well that Mata's case was not one "that would warrant reopening as an exercise of" its sua sponteauthority. Id., at 9(stating that "the power to reopen on our own motion is not meant to be used as a general cure for filing defects" (internal quotation marks omitted)).
*2154 Mata petitioned the Court of Appeals for the Fifth Circuit to review the BIA's denial of his motion to reopen, arguing that he was entitled to equitable tolling. The Fifth Circuit, however, declined to "address the merits of Mata's equitable-tolling ... claim[ ]." Reyes Mata v. Holder,558 Fed.Appx. 366, 367 (2014)(per curiam). It stated instead that "[i]n this circuit, an alien's request [to the BIA] for equitable tolling on the basis of ineffective assistance of counsel is construed as an invitation for the BIA to exercise its discretion to reopen the removal proceeding sua sponte." Ibid.And circuit precedent held that courts have no jurisdiction to review the BIA's refusal to exercise its sua spontepower to reopen cases. See ibid.The Court of Appeals thus dismissed Mata's appeal for lack of jurisdiction.
Every other Circuit that reviews removal orders has affirmed its jurisdiction to decide an appeal, like Mata's, that seeks equitable tolling of the statutory time limit to file a motion to reopen a removal proceeding.[1]We granted certiorari to resolve this conflict. 574 U.S. ----, 135 S.Ct. 1039, 190 L.Ed.2d 907 (2015). And because the Federal Government agrees with Mata that the Fifth Circuit had jurisdiction over his appeal, we appointed an amicus curiaeto defend the judgment below.[2]We now reverse.
II
As we held in Kucana v. Holder,circuit courts have jurisdiction when an alien appeals from the Board's denial of a motion to reopen a removal proceeding. See 558 U.S., at 242, 253, 130 S.Ct. 827. The INA, in combination with a statute cross-referenced there, gives the courts of appeals jurisdiction to review "final order[s] of removal." 8 U.S.C. § 1252(a)(1); 28 U.S.C. § 2342. That jurisdiction, as the INA expressly contemplates, encompasses review of decisions refusing to reopen or reconsider such orders. See 8 U.S.C. § 1252(b)(6)("[A]ny review sought of a motion to reopen or reconsider [a removal order] shall be consolidated with the review of the [underlying] order"). Indeed, as we explained in Kucana,courts have reviewed those decisions for nearly a hundred years; and even as Congress curtailed other aspects of courts' jurisdiction over BIA rulings, it left that authority in place. See 558 U.S., at 242-251, 130 S.Ct. 827.
Nothing changes when the Board denies a motion to reopen because it is untimely-nor when, in doing so, the Board rejects a request for equitable tolling. Under the INA, as under our century-old practice, the reason for the BIA's denial makes no difference to the jurisdictional issue. Whether the BIA rejects the alien's motion to reopen because it comes *2155 too late or because it falls short in some other respect, the courts have jurisdiction to review that decision.
Similarly, that jurisdiction remains unchanged if the Board, in addition to denying the alien's statutorily authorized motion, states that it will not exercise its separate sua sponteauthority to reopen the case. See supra,at 2153. In Kucana,we declined to decide whether courts have jurisdiction to review the BIA's use of that discretionary power. See 558 U.S., at 251, n. 18, 130 S.Ct. 827. Courts of Appeals, including the Fifth Circuit, have held that they generally lack such authority. See, e.g., Enriquez-Alvarado v. Ashcroft,371 F.3d 246, 249-250 (C.A.5 2004);Tamenut v. Mukasey,521 F.3d 1000, 1003-1004 (C.A.8 2008)(en banc) (per curiam) (citing other decisions). Assuming arguendo that is right, it means only that judicial review ends after the court has evaluated the Board's ruling on the alien's motion. That courts lack jurisdiction over one matter (the sua spontedecision) does not affect their jurisdiction over another (the decision on the alien's request).
It follows, as the night the day, that the Court of Appeals had jurisdiction over this case. Recall: As authorized by the INA, Mata filed a motion with the Board to reopen his removal proceeding. The Board declined to grant Mata his proposed relief, thus conferring jurisdiction on an appellate court under Kucana. The Board did so for timeliness reasons, holding that Mata had filed his motion after 90 days had elapsed and that he was not entitled to equitable tolling. But as just explained, the reason the Board gave makes no difference: Whenever the Board denies an alien's statutory motion to reopen a removal case, courts have jurisdiction to review its decision. In addition, the Board determined not to exercise its sua sponteauthority to reopen. But once again, that extra ruling does not matter. The Court of Appeals did not lose jurisdiction over the Board's denial of Mata's motion just because the Board also declined to reopen his case sua sponte.
Nonetheless, the Fifth Circuit dismissed Mata's appeal for lack of jurisdiction. That decision, as described earlier, hinged on "constru[ing]" Mata's motion as something it was not: "an invitation for the BIA to exercise" its sua sponteauthority. 558 Fed.Appx., at 367; supra,at 2153 - 2154. Amicus's defense of that approach centrally relies on a merits-based premise: that the INA forbids equitable tolling of the 90-day filing period in any case, no matter how exceptional the circumstances. See Brief for Amicus Curiae by Invitation of the Court 14-35. Given that is so, amicus continues, the court acted permissibly in "recharacteriz[ing]" Mata's pleadings. Id.,at 36. After all, courts often treat a request for "categorically unavailable" relief as instead "seeking relief [that] may be available." Id.,at 35, 38. And here (amicus concludes) that meant construing Mata's request for equitable tolling as a request for sua spontereopening-even though that caused the Fifth Circuit to lose its jurisdiction.
But that conclusion is wrong even on the assumption-and it is only an assumption-that its core premise about equitable tolling is true.[3]If the INA precludes *2156 Mata from getting the relief he seeks, then the right course on appeal is to take jurisdiction over the case, explain why that is so, and affirm the BIA's decision not to reopen. The jurisdictional question (whether the court has power to decide if tolling is proper) is of course distinct from the merits question (whether tolling is proper). See Steel Co. v. Citizens for Better Environment,523 U.S. 83, 89, 118 S.Ct. 1003, 140 L.Ed.2d 210 (1998)("[T]he absence of a valid ... cause of action does not implicate subject-matter jurisdiction"). The Fifth Circuit thus retains jurisdiction even if Mata's appeal lacks merit. And when a federal court has jurisdiction, it also has a "virtually unflagging obligation ... to exercise" that authority. Colorado River Water Conservation Dist. v. United States,424 U.S. 800, 817, 96 S.Ct. 1236, 47 L.Ed.2d 483 (1976). Accordingly, the Court of Appeals should have asserted jurisdiction over Mata's appeal and addressed the equitable tolling question.
Contrary to amicus's view, the practice of recharacterizing pleadings so as to offer the possibility of relief cannot justify the Court of Appeals' alternative approach. True enough (and a good thing too) that courts sometimes construe one kind of filing as another: If a litigant misbrands a motion, but could get relief under a different label, a court will often make the requisite change. See, e.g., 12 J. Moore, Moore's Federal Practice, § 59.11[4] (3 ed. 2015) (explaining how courts treat untimely Rule 59 motions as Rule 60 motions because the latter have no time limit). But that established practice does not entail sidestepping the judicial obligation to exercise jurisdiction. And it results in identifying a route to relief, not in rendering relief impossible. That makes all the difference between a court's generously reading pleadings and a court's construing away adjudicative authority.
And if, as amicus argues, that construal rests on an underlying merits decision-that the INA precludes any equitable tolling-then the Court of Appeals has effectively insulated a circuit split from our review. Putting the Fifth Circuit to the side, all appellate courts to have addressed the matter have held that the Board may sometimes equitably toll the time limit for an alien's motion to reopen. See n. 1, supra. Assuming the Fifth Circuit thinks otherwise, that creates the kind of split of authority we typically think we need to resolve. See this Court's Rule 10(a). But the Fifth Circuit's practice of recharacterizing appeals like Mata's as challenges to the Board's sua spontedecisions and then declining to exercise jurisdiction over them prevents that split from coming to light. Of course, the Court of Appeals may reach whatever conclusion it thinks best as to the availability of equitable tolling; we express no opinion on that matter. See n. 3, supra. What the Fifth Circuit may not do is to wrap such a merits decision in jurisdictional garb so that we cannot address a possible division between that court and every other.
For the foregoing reasons, we reverse the judgment of the Court of Appeals and *2157 remand the case for further proceedings consistent with this opinion.
It is so ordered.

See, e.g., Da Silva Neves v. Holder,613 F.3d 30, 33 (C.A.1 2010)(per curiam) (exercising jurisdiction over such a petition);Iavorski v. INS,232 F.3d 124, 129-134 (C.A.2 2000)(same); Borges v. Gonzales,402 F.3d 398, 406 (C.A.3 2005)(same); Kuusk v. Holder,732 F.3d 302, 305-306 (C.A.4 2013)(same); Barry v. Mukasey,524 F.3d 721, 724-725 (C.A.6 2008)(same); Pervaiz v. Gonzales,405 F.3d 488, 490 (C.A.7 2005)(same); Hernandez-Moran v. Gonzales,408 F.3d 496, 499-500 (C.A.8 2005)(same); Valeriano v. Gonzales,474 F.3d 669, 673 (C.A.9 2007)(same); Riley v. INS,310 F.3d 1253, 1257-1258 (C.A.10 2002)(same); Avila-Santoyo v. United States Atty. Gen.,713 F.3d 1357, 1359, 1362-1364 (C.A.11 2013)(per curiam) (same). Except for Da SilvaNeves,which did not resolve the issue, all those decisions also held, on the merits, that the INA allows equitable tolling in certain circumstances. See infra,at 2156 - 2157.

We appointed William R. Peterson to brief and argue the case, 574 U.S. ----, 135 S.Ct. 1039, 190 L.Ed.2d 907 (2015), and he has ably discharged his responsibilities.

We express no opinion as to whether or when the INA allows the Board to equitably toll the 90-day period to file a motion to reopen. Moreover, we are not certain what the Fifth Circuit itself thinks about that question. Perhaps, as amicus asserts, the court believes the INA categorically precludes equitable tolling: It is hard to come up with any other reason why the court construes every argument for tolling as one for sua sponterelief. See Brief for Amicus Curiae by Invitation of the Court 2, 10, 14, n. 2. But the Fifth Circuit has stated that position in only a single sentence in a single unpublished opinion, which (according to the Circuit) has no precedential force. See Lin v. Mukasey,286 Fed.Appx. 148, 150 (2008)(per curiam); Rule 47.5.4 (2015). And another unpublished decision cuts in the opposite direction, "hold[ing] that the doctrine of equitable tolling applies" when exceptional circumstances excuse an alien's failure to meet the 90-day reopening deadline. See Torabi v. Gonzales,165 Fed.Appx. 326, 331 (C.A.5 2006)(per curiam). So, in the end, it is hard to say.