Justice THOMAS, dissenting.
The Court's opinion in this case elides an important distinction between construing a court filing and recharacterizing it. See Castro v. United States,540 U.S. 375, 386, 124 S.Ct. 786, 157 L.Ed.2d 778 (2003)(SCALIA, J., concurring in part and concurring in judgment) (discussing this distinction). Courts routinely construe ambiguous filings to make sense out of them, as parties-both counseled and uncounseled-sometimes submit documents lacking even rudimentary clarity. See, e.g., Alabama Legislative Black Caucus v. Alabama,989 F.Supp.2d 1227, 1287 (M.D.Ala.2013)("The filings and arguments made by the plaintiffs on these claims were mystifying at best"). Recharacterization is something very different: It occurs when a court treats an unambiguous filing as something it is not. That practice is an unusual one, and should be used, if at all, with caution. See Castro,540 U.S., at 385-386, 124 S.Ct. 786(opinion of SCALIA, J.). Courts should not approach recharacterization with a freewheeling attitude, but with "regard to the exceptional nature of recharacterization within an adversarial system." Ibid.Recharacterization has, for example, been used "deliberately to override a pro selitigant's choice of a procedural vehicle." Id.,at 386, 124 S.Ct. 786(disapproving of the practice). But it is not the role of courts to "create a 'better correspondence' between the substance of a claim and its underlying procedural basis." Ibid.
In my view, then, it makes all the difference whether the Court of Appeals here properly construed an ambiguous motion or recharacterized an unambiguous motion contrary to Mata's stated choice of procedural vehicle. Although the majority's opinion does not address this point, Mata's motion to reopen does not expressly state whether he was invoking statutory relief under 8 U.S.C. § 1229a(c)(7)(A)or instead requesting sua spontereopening under the Board of Immigration Appeals' asserted inherent authority. Had the Court of Appeals engaged in the discretionary action of construing that ambiguous filing, it might not have abused its discretion by concluding that Mata really meant to ask for sua spontereopening rather than equitable tolling of the statutory time bar.
The Court of Appeals, however, did not purport to construe an ambiguous motion. Instead, it applied what appears to be a categorical rule that all motions to reopen that would be untimely under § 1229a(c)(7)(A)must be construed as motions for sua spontereopening of the proceedings. See 558 Fed.Appx. 366, 367 (C.A.5 2014)(per curiam) ("In this circuit, an alien's request for equitable tolling on the basis of ineffective assistance of counsel is construed as an invitation for the BIA to exercise its discretion to reopen the removal proceeding sua sponte"). That rule would appear to foreclose a litigant from ever filing an untimely statutory motion to reopen removal proceedings seeking equitable tolling, as well as to invite improper recharacterization in the event any such a motion is filed. The Court of Appeals should have assessed Mata's motion on its own terms. It erred in not doing so.
The reason it erred, though, has nothing to do with its fidelity to our precedents discussing "the judicial obligation to exercise jurisdiction," ante,at 2156. That obligation does not allow evasion of constitutional and statutory jurisdictional prerequisites. It is true that "when a federal court has jurisdiction, it also has a 'virtually unflagging obligation to ... exercise'
*2158 that authority." Ibid.(quoting Colorado River Water Conservation Dist. v. United States,424 U.S. 800, 817, 96 S.Ct. 1236, 47 L.Ed.2d 483 (1976)). But that "unflagging obligation" arises only if a court actually has jurisdiction. Federal courts have no obligation to seek out jurisdiction, nor should they misconstrue filings to satisfy jurisdictional requirements. Rather, federal courts should "presume that [they] lack jurisdiction unless the contrary appears affirmatively from the record." See DaimlerChrysler Corp. v. Cuno,547 U.S. 332, 342, n. 3, 126 S.Ct. 1854, 164 L.Ed.2d 589 (2006). And they should apply the ordinary rule that the party asserting federal jurisdiction bears the burden of proving that jurisdictional prerequisites are met. Ibid.The practice of construing filings does not alter the usual rules of establishing jurisdiction in federal court.
I would vacate and remand for the Court of Appeals to consider the BIA's judgment without the burden of what appears to be a categorical rule demanding that Mata's motion be construed (or recharacterized) as a request for sua spontereopening. Because the majority does more than this by reversing the judgment below, I respectfully dissent.