# IN THE UNITED STATES COURT OF APPEALS
# FOR THE FIFTH CIRCUIT

No. 14-60507
Summary Calendar

United States Court of Appeals
Fifth Circuit

**FILED**

July 8, 2015

Lyle W. Cayce
Clerk

JUAN S. SALGADO,

Petitioner

v.

LORETTA LYNCH, U.S. ATTORNEY GENERAL,

Respondent

Petition for Review of an Order of the
Board of Immigration Appeals
BIA No. A090 348 499

Before JONES, BENAVIDES, and GRAVES, Circuit Judges.

PER CURIAM:*

Juan S. Salgado, a native and citizen of Mexico, and formerly a lawful permanent resident of the United States, filed a petition seeking our review of a decision by the Board of Immigration Appeals (BIA) that affirmed the ruling by the immigration judge (IJ) that the IJ lacked jurisdiction to reopen Salgado's 2009 removal proceedings. Salgado sought reopening because the

---

* Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

No. 14-60507

Texas aggravated felony conviction that resulted in his 2009 removal has been vacated.

Certain removal orders and denials of discretionary relief are exempt from judicial review. 8 U.S.C. § 1252(a)(2)(B) & (C). However, we have jurisdiction to review "constitutional claims or questions of law raised upon a petition for review." § 1252(a)(2)(D). We review the BIA's order but consider the IJ's decision to the extent it influenced the BIA's decision. *See Gomez-Palacios v. Holder*, 560 F.3d 354, 358 (5th Cir. 2009). We review the denial of a motion to reopen under a highly deferential abuse of discretion standard. *Id*. The decision must be affirmed "as long as it is not capricious, without foundation in the evidence, or otherwise so irrational that it is arbitrary rather than the result of any perceptible rational approach." *Id*.

Salgado's legal argument that an IJ can reopen removal proceedings "at any time," regardless of the departure bar, is foreclosed. *See Ovalles v. Holder*, 577 F.3d 288, 292-93 (5th Cir. 2009) (recognizing the long-standing rule that the departure bar precludes sua sponte reopening under immigration regulations); 8 C.F.R. § 1003.23(b)(1); *cf. Garcia-Carias v. Holder*, 697 F.3d 257, 2665 (5th Cir. 2012) ("*Ovalles* resolved the issue of the applicability of the departure regulation to the Board's regulatory power to reopen or reconsider sua sponte.").

Salgado asserts that, despite the departure bar, the IJ may reopen in light of *Padilla v. Kentucky*, 559 U.S. 356 (2010), and *Chaidez v. United States*, 133 S. Ct. 1103 (2013). Neither decision is relevant because neither said anything about removal proceedings. Salgado likewise gets no relief from relying on a general statement in the Government's brief in the unrelated case of *Nken v. Holder*, 556 U.S. 418, 433-34 (2009), which concerned the factors relevant to reviewing a stay of removal. Nothing in that case or the

No. 14-60507

Government's brief addressed the departure bar or sua sponte reopening of removal proceedings.

Salgado further argues that the IJ violated his due process rights by refusing to reopen. However, "a change in the legal status of an underlying conviction does not create a constitutional right to reopen removal proceedings." *Ovalles*, 577 F.3d at 299. Salgado fails to show an abuse of discretion concerning the application of the departure bar. *See Gomez-Palacios*, 560 F.3d at 358. This part of his petition must be denied.

Salgado attempts to distinguish *Ovalles* by noting that he sought reopening within 90 days of the vacatur of his aggravated felony conviction. He thus characterizes his bid as one for "statutory" reopening under 8 U.S.C. § 1229a(c)(7), rather than a "regulatory" reopening under § 1003.23(b)(1). The departure bar does not apply to a timely motion for statutory reopening under § 1229a(c)(7). *See Garcia-Carias*, 697 F.3d at 263-65. However, Salgado's contentions based on § 1229a are beyond the scope of this appeal because they were not presented to the BIA and are thus unexhausted. *See Omari v. Holder*, 562 F.3d 314, 324-25 (5th Cir. 2009); *Roy v. Ashcroft*, 389 F.3d 132, 137 (5th Cir. 2004); *see also Ibarra-Gonzalez v. Holder*, 542 F. App'x 341, 342 (5th Cir. 2013) (rejecting a similar argument for failure to exhaust). This part of Salgado's petition must be dismissed for lack of jurisdiction.

Because Salgado shows no statutory or regulatory ground for tolling, his argument about timeliness may be construed as a claim for equitable tolling, a claim he mentioned in his appeal to the BIA only to preserve it for appeal. A claim of equitable tolling is essentially an argument for sua sponte reopening. *Ramos-Bonilla v. Mukasey*, 543 F.3d 216, 220 (5th Cir. 2008). We lack jurisdiction over such a claim because sua sponte reopening is wholly within the discretion of the IJ or the BIA, and we have no standard by which to such

a discretionary decision. *Id.* This part of Salgado's petition must be dismissed for lack of jurisdiction. *See id.*

The Supreme Court has granted certiorari to review an unpublished decision in which we held, under *Ramos-Bonilla*, that we lacked jurisdiction to review the refusal to sua sponte reopen a removal proceeding. *See Mata v. Holder*, 558 F. App'x 366, 367 (5th Cir. 2014), *cert. granted*, 135 S. Ct. 1039 (2015). Nonetheless, *Ramos-Bonilla* remains binding until overruled by the Supreme Court or our court sitting en banc. *See Burge v. Parish of St. Tammany*, 187 F.3d 452, 466 (5th Cir. 1999). The Supreme Court's grant of certiorari in *Mata* does not affect our obligation to follow our precedent. *See United States v. Lopez-Velasquez*, 526 F.3d 804, 808 n.1 (5th Cir. 2008).

The petition for review is DENIED IN PART and DISMISSED IN PART.