# IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

No. 13-60253
Summary Calendar

United States Court of Appeals
Fifth Circuit

**FILED**
February 24, 2017

Lyle W. Cayce
Clerk

NOEL REYES MATA, also known as Alberto Reyes Reyes,

Petitioner

v.

JEFFERSON B. SESSIONS, III, U. S. ATTORNEY GENERAL,

Respondent

Petitions for Review of an Order of the
Board of Immigration Appeals
BIA No. A200 723 795

ON REMAND FROM THE SUPREME COURT OF THE UNITED STATES

Before JOLLY, SMITH, and GRAVES, Circuit Judges.

PER CURIAM:[*]

Noel Reyes Mata, a native and citizen of Mexico, was ordered removed from the United States in 2010. The Board of Immigration Appeals (BIA) dismissed his appeal from that order after Mata's attorney failed to file an appellate brief. Mata subsequently filed an untimely motion to reopen his removal proceedings, based on a claim of ineffective assistance of counsel, and

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

asked the BIA to equitably toll the applicable filing period.  The BIA denied Mata's motion.  Mata then filed a motion to reconsider, which the BIA denied.

Mata filed petitions for review of the BIA's orders denying his motions to reopen and for reconsideration.  We construed his request for equitable tolling on the basis of ineffective assistance of counsel as an invitation for the BIA to exercise its discretion to reopen the removal proceeding sua sponte and dismissed his petition for review of that motion to reopen for lack of jurisdiction.  *Mata v. Holder*, 558 F. App'x 366, 367 (5th Cir. 2014).  We denied Mata's petition to review the denial of his motion to reconsider because he had abandoned that petition through inadequate briefing.  *Id.* at 367-68.

The United States Supreme Court reversed our decision based upon its holding that we had jurisdiction over the BIA's denial of Mata's motion to reopen regardless of the reason underlying that denial.  *Mata v. Lynch*, 135 S. Ct. 2150, 2154-57 (2015).  The Supreme Court declined to decide whether the Immigration and Nationality Act permitted equitable tolling, but it held that, even assuming that was true and Mata was not entitled to that relief, "the right course on appeal is to take jurisdiction over the case, explain why that is so, and affirm the BIA's decision not to reopen."  *Id.* at 2155-56.  Accordingly, the Supreme Court remanded this case for further proceedings consistent with its opinion.  *Id.* at 2156-57.

There have been some developments in the relevant law subsequent to that remand.  In *Lugo-Resendez v. Lynch*, 831 F.3d 337, 343-44 (5th Cir. 2016), we addressed the question left unanswered by the Supreme Court in *Mata* and held that statutory motions to reopen are subject to equitable tolling. Moreover, in *Gomez-Perez v. Lynch*, 829 F.3d 323, 328 (5th Cir. 2016), we determined that an alien's assault conviction under Texas Penal Code Ann. § 22.01(a)(1) does not qualify as a crime involving moral turpitude and that an

No. 13-60253

alien's prior conviction under that statute is therefore not a disqualifying factor for cancellation of removal under 8 U.S.C. § 1229b(b)(1)(C).

In this case, the immigration judge (IJ) denied Mata's application for relief based on the IJ's determination that Mata's prior Texas assault conviction rendered him ineligible for cancellation of removal. In his untimely motion to reopen, Mata challenged the IJ's ineligibility determination based upon his prior Texas assault conviction. In a supporting affidavit, he also alleged several bases as to why his removal would result in exceptional and extremely unusual hardship to his United States citizen children. To remedy the untimeliness of his motion to reopen, he claimed that his counsel was ineffective in failing to submit an appellate brief to the BIA.

The BIA's denial of Mata's motion to reopen rested upon its determination that he had not been prejudiced by his counsel's alleged ineffective assistance because he had not shown that he was eligible for cancellation of removal. In turn, that determination rested on two separate, dispositive bases: (1) Mata's prior Texas assault conviction disqualified him from cancellation of removal under § 1229b(b)(1)(C); and (2) Mata failed to allege facts establishing that his removal would result in exceptional and extremely unusual hardship to his United States citizen children for purposes of § 1229b(b)(1)(D).

Although intervening changes in law have undermined the BIA's first basis underlying its denial of Mata's motion to reopen, Mata has, through inadequate briefing, abandoned any challenge to the BIA's second basis for that denial. *See Soadjede v. Ashcroft*, 324 F.3d 830, 834 (5th Cir. 2003). In his reply brief, he argues that the BIA's second basis for its denial was improper because the hardship question was beyond the BIA's scope of review under 8 C.F.R. § 1003.1(d)(3)(iv). Even if we were to consider this argument, which

was raised for the first time in a reply brief, it lacks merit because it pertains to the BIA's role in deciding appeals, whereas we are reviewing the BIA's ruling on a motion to reopen. *See De Lezama v. Holder*, 577 F. App'x 314, 314-15 (5th Cir. 2014) (unpublished). Because Mata has failed to show that the BIA abused its discretion by denying his motion to reopen based on his failure to meet the hardship requirement for cancellation of removal, we DENY his petition to review that decision.

Mata has also abandoned any challenge he might have raised regarding the BIA's denial of his motion to reconsider its denial of his motion to reopen. *See Posters 'N' Things, Ltd. v. United States*, 511 U.S. 513, 527 (1994); *Thuri v. Ashcroft*, 380 F.3d 788, 793 (5th Cir. 2004). Thus, to the extent that petition for review is before us, we also DENY his petition to review the BIA's denial of his motion to reconsider.