# United States Court of Appeals
## for the Fifth Circuit

United States Court of Appeals
Fifth Circuit

**FILED**

August 25, 2020

Lyle W. Cayce
Clerk

No. 19-60525
Summary Calendar

Sandra Elizabeth Posadas-Tobar,

*Petitioner*,

*versus*

William P. Barr, U. S. Attorney General,

*Respondent*.

Petition for Review of an Order of the
Board of Immigration Appeals
BIA No. A200 939 023

Before Higginbotham, Jones, and Costa, *Circuit Judges*.

Per Curiam:[*]

Sandra Elizabeth Posadas-Tobar, a native and citizen of Honduras, petitions for review of the order of the Board of Immigration Appeals (BIA) dismissing her appeal of the immigration judge's (IJ) denial of her motion to

---

[*] Pursuant to 5th Circuit Rule 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5th Circuit Rule 47.5.4.

reopen her in absentia removal proceedings.  We have jurisdiction to review the denial of this motion.  *See Mata v. Lynch*, 576 U.S. 143, 146-48 (2015).

We review the BIA's denials of motion to reopen under a "highly deferential abuse-of-discretion standard, regardless of the basis of the alien's request for relief."  *Gomez-Palacios v. Holder*, 560 F.3d 354, 358 (5th Cir. 2009).  We will not reverse the BIA's decision "as long as it is not capricious, without foundation in the evidence, or otherwise so irrational that it is arbitrary rather than the result of any perceptible rational approach."  *Id.*

Posadas-Tobar asserts that she did not receive notice of her removal hearing, maintaining that she provided a correct address to immigration officials upon her release but that they misspelled the street name.  Despite Posadas-Tobar's affidavit to the contrary, the record evidence, including the Form I-830, does not compel the conclusion that the BIA erred by finding that she provided the apparently incorrect address, to which the notice of hearing was mailed, to immigration officials.  *See id.*; *see also* 8 U.S.C. § 1229a(b)(5)(B).  In addition, *Mauricio-Benitez v. Sessions,* 908 F.3d 144, 149 (5th Cir. 2018), *cert. denied*, 139 S. Ct. 2767 (2019), and *Pierre-Paul v. Barr*, 930 F.3d 684, 689-93 (5th Cir. 2019), *cert. denied*, 2020 WL 1978950 (U.S. Apr. 27, 2020) (No. 19-779), foreclose Posadas-Tobar's argument that jurisdiction never vested in the immigration court because the notice was sent to an incorrect address.  *See Pereira v. Sessions*, 138 S. Ct. 2105, 2110 (2018).

The petition for review is DENIED.