# United States Court of Appeals
# for the Fifth Circuit

United States Court of Appeals
Fifth Circuit

**FILED**

November 23, 2021

Lyle W. Cayce
Clerk

No. 20-60927
Summary Calendar

Roland Omar Gramajo-Reyes,

*Petitioner*,

*versus*

Merrick Garland, *U.S. Attorney General*,

*Respondent*.

Petition for Review of an Order of the
Board of Immigration Appeals
BIA No. A076 830 826

Before Davis, Jones, and Elrod, *Circuit Judges*.

Per Curiam:*

Roland Omar Gramajo-Reyes, a native and citizen of Guatemala, petitions for review of an order by the Board of Immigration Appeals (BIA) upholding the ruling by an immigration judge (IJ) denying his motion to reopen. He argues that (1) he is entitled to equitable tolling of his untimely

---

* Pursuant to 5th Circuit Rule 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5th Circuit Rule 47.5.4.

No. 20-60927

motion to reopen; (2) the BIA erred in concluding that he was not prima facie eligible for cancellation of removal in light of *Pereira v. Sessions*, 138 S. Ct. 2105 (2018); and (3) the BIA erred in not sua sponte reopening his removal proceedings. Gramajo-Reyes also seeks to remand his case, arguing that the BIA should reconsider its rulings in light of the Supreme Court's decision in *Niz-Chavez v. Garland*, 141 S. Ct. 1474 (2021), and his prima facie eligibility for cancellation of removal. We review the denial of a motion to reopen removal proceedings under "a highly deferential abuse-of-discretion standard." *Nunez v. Sessions*, 882 F.3d 499, 505 (5th Cir. 2018).

The BIA did not abuse its discretion in determining that Gramajo-Reyes was not entitled to equitable tolling. An alien is entitled to equitable tolling if he shows "that he has been pursuing his rights diligently, and . . . that an extraordinary circumstance beyond his control prevented him from complying with the applicable deadline." *Lugo-Resendez v. Lynch*, 831 F.3d 337, 344 (5th Cir. 2016). Although Gramajo-Reyes argues that his ineligibility for cancellation of removal before the Supreme Court's decision in *Pereira* constitutes an extraordinary circumstance warranting equitable tolling, the BIA rejected his argument because at the time of his original removal proceedings, he was not eligible for such relief. Gramajo-Reyes has not shown that the BIA's decision was "capricious, irrational, utterly without foundation in the evidence, based on legally erroneous interpretations of statutes or regulations, or based on unexplained departures from regulations or established policies." *Ramos-Portillo v. Barr*, 919 F.3d 955, 958 (5th Cir. 2019) (internal quotation marks and citation omitted). Because the BIA did not abuse its discretion in determining that the motion to reopen was untimely, we need not address Gramajo-Reyes's argument that the BIA erred in finding that he was not prima facie eligible for cancellation of removal. *See Flores-Moreno v. Barr*, 971 F.3d 541, 545 (5th Cir. 2020), *cert. denied*, 141 S. Ct. 1238 (2021).

No. 20-60927

Despite Gramajo-Reyes's assertions to the contrary, we lack jurisdiction to review the discretionary decision of the BIA not to invoke its sua sponte authority to reopen a case. *Hernandez-Castillo v. Sessions*, 875 F.3d 199, 206 (5th Cir. 2017). Although Gramajo-Reyes urges us to follow case law from other circuits that have found an appropriate standard exists for reviewing a decision to reopen a case, such authority is not on point. Moreover, such cases constitute persuasive authority only, and this court may not overrule its own authority in the absence of a change in statutory law or a decision by the Supreme Court or this court seated en banc. *See Thompson v. Dallas City Att'y's Office*, 913 F.3d 464, 467 (5th Cir. 2019); *Orellana-Monson v. Holder*, 685 F.3d 511, 520 (5th Cir. 2012); *see also Hernandez-Castillo*, 875 F.3d at 206-07 & n.3 (rejecting argument that this court's precedent was altered by *Mata v. Lynch*, 576 U.S. 143 (2015)).

The petition for review is DENIED IN PART and DISMISSED IN PART. The motion to remand is also DENIED.