**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

GILBERTO ABAD RAMIREZ, AKA
Abad Ramirez Gilberto,

          Petitioner,

v.

MERRICK B. GARLAND, Attorney
General,

          Respondent.

No.   19-72628

Agency No. A075-476-641

MEMORANDUM[*]

On Petition for Review of an Order of the
Board of Immigration Appeals

Submitted March 10, 2023[**]
Pasadena, California

Before: KLEINFELD, WATFORD, and COLLINS, Circuit Judges.

    Gilberto Abad Ramirez (Abad) asks that we grant his petition for review of

the Board of Immigration Appeals' (the Board) decision denying his motion to

reopen his removal proceedings. We dismiss in part and deny in part the petition.

---

    [*]    This disposition is not appropriate for publication and is not precedent
except as provided by Ninth Circuit Rule 36-3.

    [**]    The panel unanimously concludes this case is suitable for decision
without oral argument. *See* Fed. R. App. P. 34(a)(2).

We begin with jurisdiction. Abad asks us to review the Board's refusal to: 1) exercise its *sua sponte* authority to reopen his case and 2) use its equitable power to toll the filing deadline for Abad's motion to reopen. We have jurisdiction over the latter issue, 8 U.S.C. § 1252(a)(1); *Mata v. Lynch*, 576 U.S. 143, 147-48 (2015), but lack jurisdiction over the former. As a general rule, we cannot review the Board's refusal to exercise its *sua sponte* power to reopen a case. *Ekimian v. INS*, 303 F.3d 1153, 1160 (9th Cir. 2002). Although a narrow exception to that general rule allows us to review "Board decisions denying *sua sponte* reopening for the limited purpose of reviewing the reasoning behind the decisions for legal or constitutional error," Abad does not argue that the Board made such an error here. *Bonilla v. Lynch*, 840 F.3d 575, 588 (9th Cir. 2016). Indeed, the Board chose not to exercise its *sua sponte* authority because Abad had not shown the "exceptional circumstances to warrant granting this very untimely motion to reopen."

We now consider the Board's decision to not toll the filing deadline for Abad's motion. The Board did not abuse its discretion in denying the motion. *See Avagyan v. Holder*, 646 F.3d 672, 678 (9th Cir. 2011) (standard of review). The Board decided Abad's initial appeal on April 5, 2002, and his motion to reopen proceedings was due 90 days after that date. 8 C.F.R. § 3.2(c)(2) (2002 ed.). Abad did not file his motion until September, 2018.

The Board did not abuse its discretion in denying Abad's motion to reopen based on Abad not looking into the circumstances of the alleged fraud with the requisite due diligence or the representation not prejudicing Abad. The long delay between Abad's 2002 appeal and Abad filing his motion to reopen, in these circumstances, is sufficient to justify the Board's determination as to due diligence. *See Bonilla*, 840 F.3d at 583 (upholding the Board's determination that a petitioner did not exercise the requisite due diligence to require the equitable tolling of the filing requirements for a motion to reopen after a shorter delay). Although Abad likens his case to *Rodriguez-Lariz v. INS*, 282 F.3d 1218 (9th Cir. 2002), the actions of the non-attorney representing the petitioners in that case cost the petitioners their ability to file a meaningful motion to reopen, and those petitioners had "also satisfied the procedural prerequisites to reopen on the basis of ineffective assistance of counsel." *Id.* at 1222, 1226. Here, the non-attorney's representation of Abad did not prevent him from filing a motion to reopen that complied with the regulatory requirements. Abad also does not explain how the representation prejudiced him and it is hard to tell how it might have, especially considering that he was represented by counsel before the immigration judge, as the Board noted.

Insofar as the petition relates to the Board's refusal to exercise its *sua sponte* authority, the petition is dismissed for lack of jurisdiction. And because the Board

3

did not abuse its discretion in refusing to equitably toll the regulatory deadline for Abad to file his motion for reopening, we must also deny the rest of the petition.

**PETITION FOR REVIEW DISMISSED IN PART AND DENIED IN PART.**