**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| DEWAND CHAND, AKA Dewan Puri, <br><br> Petitioner, <br><br> v. <br><br> LORETTA E. LYNCH, Attorney General, <br><br> Respondent. | No. 11-70835 <br><br> Agency No. A038-634-403 <br><br><br> MEMORANDUM[*] |
| DEWAND CHAND, AKA Dewand Chand AKA Dewan Puri, <br><br> Petitioner, <br><br> v. <br><br> LORETTA E. LYNCH, Attorney General, <br><br> Respondent. | No. 11-73242 <br><br> Agency No. A038-634-403 |

On Petitions for Review of Orders of the
Board of Immigration Appeals

---

[*]    This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36-3.

Submitted June 1, 2015[]
Seattle, Washington

Before:    O'SCANNLAIN, TASHIMA, and McKEOWN, Circuit Judges.

Dewand Puri,[1] a native and citizen of India, petitions for review of the Board of Immigration Appeals' ("BIA") denial of his motion to reopen and denial of his motion to reconsider.  We review the BIA's denial of these motions for abuse of discretion, *see Cano-Merida v. INS*, 311 F.3d 960, 964 (9th Cir. 2002), and we deny in part and dismiss in part.

**1.**    Puri argues that the BIA erred in deciding not to toll the filing deadline for his motion to reopen.  Whether or not the filing deadline should have been equitably tolled is a mixed question of law and fact.  *Ghahremani v. Gonzales*, 498 F.3d 993, 998-99 (9th Cir. 2007).  As a result, pursuant to 8 U.S.C.

---

[**]    The panel unanimously finds this case suitable for decision without oral argument.  *See* Fed. R. App. P. 34(a)(2)(C).

[1]    Sometime between 1995 and 1997, the petitioner started to go by the name Dewand Puri.  However, he was convicted for his crimes under the name Dewand Chand.

2

§ 1252(a)(2)(D), we have jurisdiction to review the BIA's denial of Puri's motion to reopen.[2] *Id.*

The BIA did not abuse its discretion in denying Puri's motion to reopen because the motion was filed almost five years after the date on which the BIA rendered its decision dismissing the underlying appeal, *see* 8 C.F.R. § 1003.2(c)(2), and Puri failed to demonstrate that he acted with the due diligence required for equitable tolling. *See Iturribarria v. INS*, 321 F.3d 889, 897 (9th Cir. 2003).

**2.** On his motion to reconsider, Puri has not presented any argument in his briefs in support of this petition for review. Because the failure to file an opening brief (addressing the merits of the petition) is tantamount to failure to prosecute an appeal, this petition for review will be dismissed. *See* Ninth Cir. R. 42-1.

In No. 11-70835, the petition for review is **DENIED.**

In No. 11-73242, the petition for review is **DISMISSED.**

---

[2] The recent Supreme Court case, *Reyes Mata v. Lynch*, 2015 WL 2473335 (U.S. June 15, 2015), does not affect this case because we conclude that we have jurisdiction over this petition for review of the BIA's denial of the motion to reopen.