**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| MOISES LOPEZ ESTEVEZ,<br><br>Petitioner,<br><br>v.<br><br>LORETTA E. LYNCH, Attorney General,<br><br>Respondent. | No. 11-72168<br><br>Agency No. A095-192-197<br><br>MEMORANDUM[*] |

On Petition for Review of an Order of the
Board of Immigration Appeals

Submitted August 13, 2015[**]
Pasadena, California

Before:  SENTELLE,[***] CHRISTEN, and HURWITZ, Circuit Judges.

An immigration judge denied Moises Lopez Estevez's application for

cancellation of removal because Lopez "presented insufficient evidence for the

---

[*]     This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36-3.

[**]     The panel unanimously concludes this case is suitable for decision without oral argument.  *See* Fed. R. App. P. 34(a)(2).

[***]     The Honorable David Bryan Sentelle, Senior Circuit Judge for the U.S. Court of Appeals for the District of Columbia Circuit, sitting by designation.

Court to infer or conclude that his removal will result in exceptional and extremely unusual hardship to any of his three United States citizen children." *See* 8 U.S.C. § 1229b(b)(1). Lopez filed a motion to reopen the removal proceedings so that he could present additional evidence of hardship. He also appealed the immigration judge's decision. The Board of Immigration Appeals affirmed the immigration judge's denial of cancellation of removal. It then construed the motion to reopen as a motion to remand, *see* 8 C.F.R. § 1003.2(c)(4), and denied it. Lopez petitions for review only of the denial of the motion to reopen. He does not challenge the BIA's determination that he failed to demonstrate "exceptional and extremely unusual hardship" at his hearing before the immigration judge. We dismiss in part and deny in part Lopez's petition.[1]

**1.** Lopez's motion to reopen was based on two categories of additional evidence: (1) evidence not presented at the hearing due to alleged ineffective assistance of counsel, and (2) post-hearing evidence that Lopez's eldest son had been admitted to a high school program for gifted students. We have jurisdiction under 8 U.S.C. § 1252 to review the BIA's denial of Lopez's motion to reopen with respect to evidence in the first category. *See Mata v. Lynch*, 135 S. Ct. 2150,

---

[1] The parties are familiar with the facts, so we have recounted only an abbreviated version of them here.

2154 (2015). But because we lack jurisdiction to review the BIA's "subjective, discretionary determination that [Lopez] failed to satisfy the 'exceptional and extremely unusual hardship' requirement for cancellation of removal," *see Martinez-Rosas v. Gonzalez*, 424 F.3d 926, 930 (9th Cir. 2005) (citing 8 U.S.C. § 1252(a)(2)(B)(i)), we lack jurisdiction to review the BIA's denial of Lopez's motion with respect to the evidence of Lopez's son's high school acceptance. *See Fernandez v. Gonzalez*, 439 F.3d 592, 601–03 (9th Cir. 2006) (no jurisdiction to review "denial of a motion to reopen that pertains only to the merits basis for a previously-made discretionary determination").

**2.** The BIA did not abuse its discretion by denying Lopez's motion to reopen based on ineffective assistance of counsel on the ground that Lopez did not suffer any prejudice as a result of his counsel's failure to present certain additional evidence at the hearing before the immigration judge. Because the additional evidence would not alter the conclusion that Lopez failed to demonstrate "exceptional and extremely usual hardship," there is no possibility counsel's performance "affected the outcome of the proceedings." *See Mohammed v. Gonzales*, 400 F.3d 785, 794 (9th Cir. 2005) (internal quotation marks omitted).

**3.**     We lack jurisdiction to review the BIA's decision not to invoke its *sua sponte* authority to reopen under 8 C.F.R. § 1003.2(a). *Toufighi v. Mukasey*, 538 F.3d 988, 993 n.8 (9th Cir. 2007).

Petition **DISMISSED** in part and **DENIED** in part.