**FILED**
**United States Court of Appeals**
**Tenth Circuit**

**February 23, 2016**

**Elisabeth A. Shumaker**
**Clerk of Court**

**UNITED STATES COURT OF APPEALS**

**FOR THE TENTH CIRCUIT**
_____

LUZ DEL CARMEN
MORONES-QUINONES,

     Petitioner,

v.

LORETTA E. LYNCH,
United States Attorney General,

     Respondent.

No. 15-9545
(Petition for Review)

_____

**ORDER AND JUDGMENT**[*]
_____

Before **GORSUCH**, **McKAY**, and **BACHARACH**, Circuit Judges.
_____

Ms. Luz del Carmen Morones-Quinones was ordered removed. She asked the Board of Immigration Appeals to reopen the removal proceedings sua sponte so that she could request adjustment of status.[1] The Board

---

[*]    The parties have not requested oral argument, and we do not believe oral argument would be helpful. As a result, we are deciding the appeal on the briefs. *See* Fed. R. App. P. 34(a)(2); 10th Cir. R. 34.1(G).

This order and judgment does not constitute binding precedent except under the doctrines of law of the case, res judicata, and collateral estoppel. But the order and judgment may be cited for its persuasive value under Fed. R. App. P. 32.1(a) and 10th Cir. R. 32.1(A).

[1]    Ms. Morones-Quinones asked for relief sua sponte because she had missed the 90-day deadline for filing a motion to reopen. *See* 8 U.S.C. § 1229a(c)(7)(C). After the 90-day deadline expired, "the only avenue of

declined to reopen the removal proceedings. Rather than file a petition for review, she moved for reconsideration. This motion was denied, prompting Ms. Morones-Quinones to file a petition for review of the denial of reconsideration and to seek leave to proceed in forma pauperis. We dismiss the petition, but grant leave to proceed in forma pauperis.

*Petition for Review.* We generally have jurisdiction to consider a motion to reconsider. *See Mata v. Lynch*, ___ U.S. ___, 135 S. Ct. 2150, 2154 (2015). In the motion, however, Ms. Morones-Quinones relies on an alleged error by the Board in declining to sua sponte reopen the removal proceedings.[2] We lack jurisdiction to entertain that argument. Accordingly, we dismiss the petition for review.

Ms. Morones-Quinones acknowledges that we have held in precedential opinions that we lack jurisdiction to consider whether the Board erred in declining to reopen the proceedings sua sponte. *See Infanzon v. Ashcroft*, 386 F.3d 1359, 1361 (10th Cir. 2004); *Belay-Gebru v. INS*, 327 F.3d 998, 1001 (10th Cir. 2003). But Ms. Morones-Quinones argues that the Supreme Court overruled these precedents in *Kucana v. Holder*, 558 U.S. 233 (2010). We disagree.

---

relief is for the [Board of Immigration Appeals] to reopen proceedings *sua sponte*." *Gor v. Holder*, 607 F.3d 180, 198 (6th Cir. 2010); *see also* 8 C.F.R. § 1003.2(a) (stating that the Board of Immigration Appeals can reopen a case on its own at any time).

[2]     In the motion, she also relies on a change in the law after the denial of her motion to reopen. But she does not raise this argument in our court.

2

*Kucana* addressed 8 U.S.C. § 1252(a)(2)(B), which precludes judicial review of discretionary denials of relief. The *Kucana* Court held that § 1252(a)(2)(B) does not deprive the courts of jurisdiction to review the Board's decisions on motions to reopen because those decisions are discretionary by regulation, not statute. 558 U.S. at 237, 253. But in *Kucana*, the Supreme Court noted that its issue did not involve sua sponte reopening. *Id.* at 251 n.18. On that issue, the Court stated that it "express[ed] no opinion on whether federal courts may review the Board's decision not to reopen removal proceedings *sua sponte*." *Id.*; *see also Mata v. Lynch*, ___ U.S. ___, 135 S. Ct. 2150, 2155 (2015) (noting that the question was reserved in *Kucana* and assuming arguendo that the court of appeals had correctly held that it lacked authority to review the Board's refusal to reopen sua sponte).

Because the *Kucana* Court expressed no opinion on our issue, we are bound by our precedents, which hold that we lack jurisdiction to consider whether the Board erred when declining to reopen removal proceedings sua sponte. *See In re Smith*, 10 F.3d 723, 724 (10th Cir. 1993) (per curiam) ("We are bound by the precedent of prior panels absent en banc reconsideration or a superseding contrary decision by the Supreme Court."). Under these precedents, we lack jurisdiction to consider whether the Board should have sua sponte reopened Ms. Morones-Quinones' removal proceedings. *See Infanzon*

3

*v. Ashcroft*, 386 F.3d 1359, 1361 (10th Cir. 2004); *Belay-Gebru v. INS*, 327 F.3d 998, 1001 (10th Cir. 2003). Thus, we dismiss the petition for review.

M*otion for Leave to Proceed in Forma Pauperis.* Because Ms. Morones-Quinones cannot afford to prepay the filing fee, we grant her motion for leave to proceed in forma pauperis. With this status, Ms. Morones-Quinones is relieved of her obligation to prepay the filing fee. *See* 28 U.S.C. § 1915(a)(1). But she remains obligated to pay the filing fee. *Brown v. Eppler*, 725 F.3d 1221, 1230-31 (10th Cir. 2013).

Entered for the Court


Robert E. Bacharach
Circuit Judge