HOWARD, Chief Judge
(concurring in the judgment).
I agree that plaintiffs have not established that they have a protected property interest, and so we must affirm. But I would characterize this defect as going to the merits, not to standing. In addition, I would not decide whether PREPA’s regulations give plaintiffs a property interest in electricity.
I.
“Standing under Article III of the Constitution requires that an injury be concrete, particularized, and actual or imminent; fairly traceable to the challenged action; and redressable by a favorable ruling.” Monsanto Co. v. Geertson Seed Farms, 561 U.S. 139, 149, 130 S.Ct. 2743, 177 L.Ed.2d 461 (2010). To establish standing for their takings claims, plaintiffs allege economic injury: they pay higher electricity bills. And to establish standing for their due process claims, they allege that PREPA has afforded them inadequate process, “the disregard of which could impair a separate concrete interest of theirs” in paying lower rates. Lujan v. Defs. of Wildlife, 504 U.S. 555, 572, 112 S.Ct. 2130, 119 L.Ed.2d 351 (1992). These two harms are fairly traceable to (and indeed directly caused by) PREPA’s allegedly unlawful *108 rates and procedures, respectively. And the harms are likely redressable by an award of money damages. Therefore, I think that plaintiffs have standing to bring this action.
Certainly, the takings and due process clauses both require a plaintiff to show a protected property interest. It seems to me, however, that requirement goes to the merits of the claims. See, e.g., Town of Castle Rock v. Gonzales, 545 U.S. 748, 768, 125 S.Ct. 2796, 162 L.Ed.2d 658 (2005); Coll. Sav. Bank v. Fla. Prepaid Postsecondary Educ. Expense Bd., 527 U.S. 666, 672, 119 S.Ct. 2219, 144 L.Ed.2d 605 (1999); Bowen v. Gilliard, 483 U.S. 587, 604-5, 107 S.Ct. 3008, 97 L.Ed.2d 485 (1987); Dames & Moore v. Regan, 453 U.S. 654, 674 n.6, 101 S.Ct. 2972, 69 L.Ed.2d 918 (1981). But Article III standing “in no way depends on the merits of the claim.” Ariz. State Legislature v. Ariz. Indep. Redistricting Comm’n, — U.S. -, 135 S.Ct. 2652, 2663, 192 L.Ed.2d 704 (2015) (internal quotation marks omitted). Nor does Article III independently require a plaintiff to establish a protected property interest. See Ass’n of Data Processing Serv. Orgs., Inc. v. Camp, 397 U.S. 150, 153, 90 S.Ct. 827, 25 L.Ed.2d 184 (1970). For example, a plaintiff may have standing to vindicate economic harms without showing a protected property interest at all. See, e.g., Clinton v. City of New York, 524 U.S. 417, 432-33, 118 S.Ct. 2091, 141 L.Ed.2d 393 (1998); Bennett v. Spear, 520 U.S. 154, 167-68, 117 S.Ct. 1154, 137 L.Ed.2d 281 (1997); Data Processing, 397 U.S. at 152, 90 S.Ct. 827. And even where, as here, a protected property interest is an element of the cause of action, standing exists so long as “accepting [plaintiffs] version of [state] law as true,” the plaintiff “has been deprived of property.” Stop the Beach Renourishment, Inc. v. Florida Dep’t of Envtl. Prot., 560 U.S. 702, 729 n.10, 130 S.Ct. 2592, 177 L.Ed.2d 184 (2010).
This distinction between standing and merits may appear to be a quibble in this case, but it is fundamental to Article III and the judicial role. Where jurisdiction otherwise exists, Article III imposes upon a federal court the obligation to exercise it; thus, a court generally may not resolve a weak merits claim on jurisdictional grounds. See Mata v. Lynch, — U.S. -, 135 S.Ct. 2150, 2156, 192 L.Ed.2d 225 (2015). The risk in treating merits issues as questions of standing is that this empowers a court to decide the merits first, resolving them even absent Article III authority to do so, see Steel Co. v. Citizens for a Better Env’t, 523 U.S. 83, 94, 118 S.Ct. 1003, 140 L.Ed.2d 210 (1998), and to sua sponte raise the issues at any stage of the - litigation since standing cannot be waived, see Bender v. Williamsport Area Sch. Dist., 475 U.S. 534, 541, 106 S.Ct. 1326, 89 L.Ed.2d 501 (1986).
It is possible that standing and merits blend together in the takings and procedural due process contexts, but the First Circuit cases cited in support of that suggestion don’t really say so. See supra at 106. Two of the cases decided the property interest issue on the merits, not on standing grounds. See Asociación de Subscripción Conjunta del Seguro de Responsabilidad Obligatorio v. Flores Galarza, 484 F.3d 1, 27 (1st Cir. 2007); Aponte v. Calderón, 284 F.3d 184, 191 (1st Cir. 2002). And the other case, Bingham v. Massachusetts, 616 F.3d 1 (1st Cir. 2010), denied standing not for lack of a protected property interest, but because the plaintiffs lacked a “personal stake” in the alleged property interest. Id. at 7. The question of a personal stake— whether a plaintiff is seeking to vindicate her personal rights as opposed to those of third parties or the public-is a genuine standing issue. See Lexmark Int’l, Inc. v. *109 Static Control Components, Inc., — U.S. -, 134 S.Ct. 1377, 1387 n.3, 188 L.Ed.2d 392 (2014). But that is not the question here. In this case, plaintiffs have demonstrated a personal, stake, for they seek to vindicate their own interests in electricity they paid for and fees they paid, not in anyone else’s electricity or fees. Rather, the question here is whether electricity and fees are protected property interests. These are merits questions.
II.
On the merits, I would affirm the judgment for lack of a protected property interest. I agree that plaintiffs had no property interest in their voluntarily paid electricity fees, which is fatal to their fees-based claims. In addition, I would hold plaintiffs to their conceded lack of a property interest in purchasing electricity at a lower rate; this concession is fatal to their electricity-based claims. I also agree, for the reasons that my colleagues state, that, even assuming that plaintiffs had a property interest in electricity, PREPA did not take it.
Because these holdings suffice to affirm the judgment, I whuld not decide whether PREPA’s regulations confer a property interest in electricity upon plaintiffs. Our decision in Marrero-García v. Irizarry, 33 F.3d 117 (1st Cir. 1994), said to establish that the regulations do not confer a property interest, dealt with different regulatory language. That case held that a utility regulation, defining the utility’s “users” as persons who enjoy the utility’s services, did not confer a property interest in continued service. See id. at 123. Unlike in Marrero-Garcia, the regulation here does not define who the users of PREPA’s electricity services are. Instead it defines electricity as movable property that can be unlawfully appropriated. See P.R. Reg. AEE Reg. 7982; see also 33 L.P.R.A. § 4642(g) (for purposes of the Penal Code, defining “personal property” as including “electric power”). This suggests the possibility that plaintiffs may have a property interest in using their purchased electricity, against PREPA’s allegedly unlawful redirection of that electricity to other customers.
Nonetheless, we need not resolve this question because, as discussed above, we can affirm on other grounds.