# United States Court of Appeals for the Fifth Circuit

United States Court of Appeals
Fifth Circuit

**FILED**
September 30, 2020

Lyle W. Cayce
Clerk

No. 19-60221
Summary Calendar

Arsenio Sanchez-Lopez,

*Petitioner*,

*versus*

William P. Barr, *U.S. Attorney General*,

*Respondent*.

Petition for Review of an Order of the
Board of Immigration Appeals
BIA No. A091 369 791

Before Higginbotham, Jones, and Costa, *Circuit Judges*.     .
Per Curiam:*

Arsenio Sanchez-Lopez is a native and citizen of Mexico. Sanchez-Lopez's status was adjusted to that of a permanent resident in September 1990. However, due to a conviction for an aggravated felony, Sanchez-Lopez was deported to Mexico in 1992. In July 2018, Sanchez-Lopez filed a motion

---

* Pursuant to 5th Circuit Rule 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5th Circuit Rule 47.5.4.

No. 19-60221

to reopen his 1992 deportation proceedings in order to raise, inter alia, claims of ineffective assistance of counsel. The Board of Immigration Appeals (BIA) construed Sanchez-Lopez's motion as an untimely regulatory motion of which it lacked jurisdiction to consider under the departure bar. Sanchez-Lopez filed a timely petition for review with this court. The Government moves this court to remand the case to the BIA so that it can consider Sanchez-Lopez's argument for equitable tolling in the first instance.

"An alien ordered to leave the country has a statutory right to file a motion to reopen his removal proceedings." *Mata v. Lynch*, 576 U.S. 143, 144 (2015) (citing 8 U.S.C. § 1229a(c)(7)(A)). With a few exceptions that are inapplicable in this case, the motion must be filed within 90 days after the date of entry of the final order of removal. *See* § 1229a(c)(7)(C)(i). If an alien files his motion to reopen within the 90-day time limit, or can establish an exception to or equitable tolling of the filing period, his motion is timely and is considered a statutory motion to reopen. *Lugo-Resendez v. Lynch*, 831 F.3d 337, 342-43 & n.29 (5th Cir. 2016).

Sanchez-Lopez argued before the BIA and the immigration judge that he was entitled to equitable tolling of the 90- day limitations period due to his ignorance of the law, his lack of financial means to hire an attorney, and the lack of access to adequate law libraries while in custody of the Bureau of Prisons. Regardless of the ultimate strength of Sanchez-Lopez's equitable tolling argument, he was entitled to the BIA's reasoned consideration of his argument. *See Lugo-Resendez*, 831 F.3d at 343. Accordingly, the BIA abused its discretion by denying the motion to reopen as untimely without providing a reasoned explanation for rejecting Sanchez-Lopez's equitable tolling argument. *See id.* at 340, 343. We therefore remand the case to the agency so that it may apply the proper standard in the first instance. *See INS v. Orlando Ventura*, 537 U.S. 12, 16 (2002) ("[T]he proper course, except in rare circumstances, is to remand to the agency for additional investigation or

2

explanation."(internal quotation marks and citation omitted)); *Lugo-Resendez*, 831 F.3d at 344-45.

For these reasons, we GRANT the petition for review and REMAND to the BIA for further proceedings consistent with this opinion. The respondent's motion to remand is DENIED as moot.