**NOT PRECEDENTIAL**

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT
_____

No. 20-1524
_____

CESAR GIOVANI URVINA GALLEGOS,
Petitioner

v.

ATTORNEY GENERAL OF THE
UNITED STATES OF AMERICA
_____

On Petition for Review of an Order of the
Board of Immigration Appeals
(Agency No. A035-916-181)
Immigration Judge: Leo A. Finston
_____

Submitted Pursuant to Third Circuit LAR 34.1(a)
February 19, 2021
Before: JORDAN, MATEY, and NYGAARD, Circuit Judges

(Opinion filed: March 4, 2021)
_____

OPINION[*]
_____

PER CURIAM

      Cesar Giovani Urvina Gallegos, proceeding pro se, petitions for review of an order

of the Board of Immigration Appeals ("BIA") denying two motions to reopen his

_____

[*] This disposition is not an opinion of the full Court and pursuant to I.O.P. 5.7 does not
constitute binding precedent.

removal proceedings. For the reasons discussed below, we will deny the petition for review.

I.

Because we write primarily for the parties, we will recite only the facts necessary for our discussion. Urvina Gallegos, a citizen of Ecuador, entered the United States as a lawful permanent resident in 1977. After he was convicted of drug offenses in 2004, the Government initiated removal proceedings. In 2007, he received a discretionary grant of relief in the form of cancellation of removal for lawful permanent residents. In 2014, he was convicted of another drug offense, and in 2018 the Government again initiated removal proceedings. Through counsel, Urvina Gallegos conceded his removability and applied for asylum, withholding of removal, and protection under the Convention Against Torture ("CAT"). The Immigration Judge denied the applications and ordered Urvina Gallegos removed to Ecuador. On September 6, 2019, the BIA affirmed. Urvina Gallegos petitioned for review with this Court, and the petition was dismissed for failure to prosecute. See C.A. No. 19-3190.

On November 1, 2019, Urvina Gallegos filed a motion to reopen with the BIA, arguing that his counsel was ineffective. He filed another motion to reopen on January 20, 2020, challenging the issuance of his notice to appear and his detention. On February 13, 2020, the BIA denied the motions, determining that the January 2020 motion was untimely and that the ineffective assistance claims in the November 2019 motion were meritless. This petition for review followed.

2

II.

Pursuant to 8 U.S.C. § 1252, we have jurisdiction over a petition for review of "the Board's denial of a motion to reopen a removal proceeding." Mata v. Lynch, 576 U.S. 143, 147 (2015). "We review the denial of a motion to reopen for abuse of discretion and will not disturb the BIA's decision 'unless it is found to be arbitrary, irrational, or contrary to law.'" Liem v. Att'y Gen. U.S., 921 F.3d 388, 395 (3d Cir. 2019) (citations omitted).

III.

The Government argues, and we agree, that Urvina Gallegos' opening brief fails to raise any argument regarding the BIA's denial of his November 2019 and January 2020 motions to reopen. Instead, he reargues his underlying asylum, withholding of removal, and CAT claims. Thus, he has failed to preserve any issues for our review here. See Garcia v. Att'y Gen. U.S., 665 F.3d 496, 502 (3d Cir. 2011) (concluding that a petitioner waived an issue that she "did not argue in her opening brief").

In any event, the BIA did not abuse its discretion in denying the motions to reopen. The January 20, 2020 motion was untimely filed more than 90 days after the BIA's September 6, 2019 order. See 8 U.S.C. § 1229a(c)(7)(A); Alzaarir v. Att'y Gen. U.S., 639 F.3d 86, 90 (3d Cir. 2011) (explaining that "most motions to reopen must be filed no later than 90 days after the date of the final administrative decision").[1] The

---

[1] Although the January 2020 motion raised a challenge related to the notice to appear, Urvina Gallegos has not called the agency's jurisdiction into question. See generally

3

November 1, 2019 motion was timely, but Urvina Gallegos failed to establish that he met the In re Lozada requirements for bringing an ineffective assistance of counsel claim. See 19 I. & N. Dec. 637, 638 (BIA 1988). The only information that Urvina Gallegos submitted to the BIA regarding the In re Lozada requirements was an acknowledgement that he had not yet complied with them. See A.R. at 128; see also 8 U.S.C. § 1252(b)(4)(A); Rad v. Att'y Gen. U.S., 983 F.3d 651, 657 n.2 (3d Cir. 2020) (applying the general rule that our review is limited to consideration of the existing administrative record).[2]

Accordingly, we will deny the petition for review.

---

Nkomo v. Att'y Gen. of U.S., 930 F.3d 129, 134 (3d Cir. 2019), cert. denied sub nom. Nkomo v. Barr, 140 S. Ct. 2740 (2020). Any challenge to Urvina Gallegos' detention is not within the ambit of this proceeding. See Nnadika v. Att'y Gen. U.S., 484 F.3d 626, 632–33 (3d Cir. 2007).

[2] We note that Urvina Gallegos attached various documents to his petition for review, including disciplinary complaints, which might support an argument that he attempted to satisfy the In re Lozada requirements sometime after he filed his November 1, 2019 motion to reopen. Cf. Rranci v. Att'y Gen. of U.S., 540 F.3d 165, 174 (3d Cir. 2008). Urvina Gallegos submitted those documents to the BIA in a separate motion filed on March 5, 2020. His petition for review from the BIA's denial of that motion is separately pending in this Court at C.A. No. 20-3127. Urvina Gallegos may wish to raise any properly exhausted arguments regarding the Lozada requirements in his brief for C.A. No. 20-3127.