# United States Court of Appeals
# for the Fifth Circuit

United States Court of Appeals
Fifth Circuit

**FILED**

January 28, 2025

Lyle W. Cayce
Clerk

No. 24-60150

Carlos Benitez-Rivera,

*Petitioner*,

*versus*

James R. McHenry III, *Acting U.S. Attorney General*,

*Respondent*.

_____

Petition for Review of an Order of the
Board of Immigration Appeals
Agency No. A215 658 886

_____

Before Haynes, Duncan, and Wilson, *Circuit Judges*.

Per Curiam:[*]

An immigration judge ("IJ") ordered Carlos Benitez-Rivera removed after finding that he failed to timely submit his application for withholding of removal. He appealed that decision to the Board of Immigration Appeals ("BIA"). The BIA affirmed the IJ's decision and denied Benitez-Rivera's request for relief. Benitez-Rivera then petitioned our court for review. Both parties before us also filed a joint motion to remand for consideration of

_____

[*] This opinion is not designated for publication. *See* 5th Cir. R. 47.5.

No. 24-60150

whether the deadline set by the IJ was ambiguous.  For the reasons that follow, we GRANT the parties' joint motion and REMAND for the BIA to consider whether Benitez-Rivera abandoned his application for withholding of removal in light of the IJ's allegedly ambiguous deadline.  On remand, Benitez-Rivera may also file a motion to reconsider the IJ's ruling that he is ineligible to apply for cancellation of removal.

## I.    Background

The Department of Homeland Security issued a notice to appear alleging that Carlos Benitez-Rivera, a native and citizen of Mexico, was removable because he had not been admitted into this country.  He appeared pro se at his first hearing and requested time to retain counsel.  The IJ granted the request and informed Benitez-Rivera that his next hearing would proceed whether or not he had retained counsel.  Benitez-Rivera appeared at the next hearing on March 7, 2019, without counsel, admitted the allegations in the notice to appear, and was found removable.  There, the IJ also concluded that Benitez-Rivera was not eligible to apply for cancellation of removal because he did not meet the continuous physical presence requirement due to his voluntary return to Mexico in 2009.

At the same hearing, Benitez-Rivera indicated that he wanted to apply for withholding of removal, so the IJ gave him an application and instructed him to submit it "on or before [his] next hearing date which is going to be on March 28, 2019."  The IJ informed Benitez-Rivera that he would abandon any claims for relief if he did not file the application "on or before [his] next hearing date of March 28, 2019," and he indicated that he understood.  There was no written order concerning the filing deadline.

The Immigration Court issued a Notice of Hearing informing Benitez-Rivera of the March 28 hearing.  On March 24, 2019, the Immigration Court issued another Notice of Hearing informing Benitez-Rivera that his hearing

had been moved to July 15, 2019. On July 3, 2019, the IJ issued an order explaining that Benitez-Rivera had been ordered to file his application for relief no later than March 28 and that he had "waived his right to apply for . . . relief" by not complying with that deadline. The IJ deemed his application abandoned and ordered him removed.

Benitez-Rivera retained counsel and appealed to the BIA, arguing that he had not received a filing deadline in writing. He also asserted that he was confused by the reset of his hearing and believed the reset had moved the filing deadline. Additionally, he asked the BIA to reopen his removal proceedings so that he could apply for cancellation of removal.

The BIA dismissed the appeal and denied reopening. Benitez-Rivera timely petitioned for our review. The parties filed a joint motion to remand to the BIA for further consideration of whether the IJ clearly set a March 28, 2019, deadline for filing an application for relief, and we carried that motion with the case.

## II.     Jurisdiction

We have jurisdiction to review final orders of removal. 8 U.S.C. § 1252(a)(1). "That jurisdiction . . . encompasses review of decisions refusing to reopen or reconsider such orders." *Mata v. Lynch*, 576 U.S. 143, 147 (2015) (citing 8 U.S.C. § 1252(b)(6)).

## III.     Discussion

### A. Filing deadline for withholding of removal

We turn first to the parties' joint motion to remand, which we carried with the case. Both parties ask us to remand for the BIA to consider in the first instance whether the IJ set an unambiguous filing deadline of March 28, 2019.

No. 24-60150

"The immigration judge may set and extend time limits for the filing of applications and related documents and responses thereto" and "deem[] waived" any application or document "not filed within the time set by the immigration judge." 8 C.F.R. § 1003.31(h). The parties cite *Matter of R-C-R-*, 28 I. & N. Dec. 74 (B.I.A. 2020), for the proposition that an IJ must provide explicit instructions about the filing deadline before deeming an application abandoned. Although *R-C-R-* did not involve an allegedly ambiguous deadline, it does contain language that could be read to require explicit instructions about the deadline. *See id.* at 83 ("After an Immigration Judge has set a firm deadline for filing an application for relief, the respondent's opportunity to file the application may be deemed waived, prior to a scheduled hearing, if the deadline passes without submission of the application and no good cause for noncompliance has been shown."); *see also id.* at 77–78 ("The Immigration Judge gave the respondent explicit instructions regarding the filing date and clearly warned him that his application for relief would be deemed waived if it was not timely filed."). Consistent with the parties' position, the Ninth Circuit recently relied on *R-C-R-* in holding that an ambiguous deadline to submit a relief application, among other issues, rendered a petitioner's immigration proceedings fundamentally unfair. *Arizmendi-Medina v. Garland*, 69 F.4th 1043, 1048–49 (9th Cir. 2023) (granting petition and remanding).

Because the BIA did not address whether an unambiguous deadline is required before an application can be deemed abandoned, nor whether the IJ had set such a deadline, we remand so that it may do so in the first instance.[1] *See Cruson v. Jackson Nat'l Life Ins.*, 954 F.3d 240, 249 n.7 (5th

---

[1] We note that, in cases like this, where there is no written deadline, and the pro se party is not a native English speaker, it would seem important to orally communicate the deadline in an unambiguous way.

No. 24-60150

Cir. 2020) ("As we have repeatedly observed, we are a court of review, not first view." (cleaned up)).[2]

## B. Cancellation of removal

Benitez-Rivera also challenges the BIA's denial of his request for an opportunity to apply for cancellation of removal. He posits that the BIA erred by characterizing his request for relief as a motion to reopen rather than as a motion to reconsider and by improperly analyzing his continuous physical presence argument.[3]

Because we grant the parties' joint motion to remand, we need not reach this issue. On remand before the BIA, Benitez-Rivera may file a motion to reconsider the IJ's conclusion that he is ineligible to apply for cancellation of removal. *See* 8 U.S.C. § 1229a(c)(6). Additionally, the government acknowledges that if the BIA further remands the case to the IJ due to the allegedly ambiguous filing deadline, *see supra* § III.A, the current removal order would be vacated, and Benitez-Rivera would have an opportunity to pursue cancellation of removal before the IJ. The government also appears to concede that if the BIA further remands the case to the IJ, Benitez-Rivera would now have the continuous physical presence

---

[2] In his appeal to the BIA, Benitez-Rivera cited *R-C-R-* and argued that he was confused about the date for filing because he did not receive written notice of the March 28, 2019, date and because his hearing was reset to July 15, 2019.

[3] An "alien may file one motion to reconsider a decision that the alien is removable from the United States," which "shall specify the errors of law or fact in the previous order and shall be supported by pertinent authority." 8 U.S.C. § 1229a(c)(6). Additionally, an "alien may file one motion to reopen proceedings," which "shall state the new facts that will be proven at a hearing to be held if the motion is granted, and shall be supported by affidavits or other evidentiary material." *Id.* § 1229a(c)(7).

required for cancellation of removal, in light of *Niz-Chavez v. Garland*, 593 U.S. 155 (2021).[4]

### IV.    Conclusion

In sum, we GRANT the parties' joint motion to remand, which we carried with the case, and REMAND for the BIA to consider whether Benitez-Rivera abandoned his application for withholding of removal in light of the IJ's allegedly ambiguous deadline.  On remand, Benitez-Rivera may also file a motion to reconsider the IJ's ruling that he is ineligible to apply for cancellation of removal.

_____

[4] We express no view on the merits of that point.