# IN THE UNITED STATES COURT OF APPEALS
# FOR THE FIFTH CIRCUIT

No. 15-60268
Summary Calendar

United States Court of Appeals
Fifth Circuit

**FILED**

October 17, 2016

Lyle W. Cayce
Clerk

GADDIEL QUIROZ RETA,

Petitioner

v.

LORETTA LYNCH., U.S. ATTORNEY GENERAL,

Respondent

Petition for Review of an Order of the
Board of Immigration Appeals
BIA No. A097 683 432

Before BARKSDALE, HAYNES, and HIGGINSON, Circuit Judges.

PER CURIAM:[*]

Gaddiel Quiroz Reta, a native and citizen of Mexico, was admitted to the United States in 1996 as a nonimmigrant visitor, with authorization to remain in the United States for no longer than a year. He was charged in 2009 with being removable as an alien who remained in the United States for a time longer than permitted. The Immigration Judge (IJ) ruled he was removable as charged. Reta, through counsel, filed an application for cancellation of

---

[*] Pursuant to 5th Cir. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5th Cir. R. 47.5.4.

No. 15-60268

removal based on extreme hardship to his children.  At the removal hearing, the parties informed the IJ that Reta intended to withdraw with prejudice his application, conditioned upon his receipt of voluntary departure and a bond. The IJ entered an order granting voluntary departure, noting Reta waived his right to appeal.

Reta did not voluntarily depart; instead, he appealed the order to the Board of Immigration Appeals (BIA), asserting he received ineffective assistance of counsel (IAC).  On 5 January 2012, the BIA dismissed the appeal because Reta failed to comply with the requirements of *Matter of Lozada*, 19 I & N Dec. 637 (BIA 1988), for raising an IAC claim.  As such, the BIA determined he had not established his waiver of the right to appeal was invalid.  In May 2012, the BIA denied Reta's motion to reconsider its dismissal of his appeal.

Thereafter, that July, Reta filed a motion to reopen in the immigration court.  He maintained he received IAC in the removal proceeding because counsel failed to allege in the cancellation-of-removal application that Reta's parents would also suffer extreme hardship if he were removed.  The IJ denied the motion, concluding:  it was not filed within 90 days of the voluntary departure order and was therefore untimely; it lacked merit; and Reta had not shown exceptional circumstances warranting *sua sponte* reopening.  On 18 March 2015, the BIA dismissed the appeal from the IJ's denial of the motion to reopen.

A petition for review must be filed no later than 30 days after the date of a final order of removal.  8 U.S.C. § 1252(b)(1).  The period for filing a petition is mandatory and jurisdictional and is not subject to tolling by a motion for reconsideration.  *Stone v. INS*, 514 U.S. 386, 405 (1995).

2

No. 15-60268

Reta filed this petition on 16 April 2015, within 30 days of the BIA's dismissing his appeal from the denial of the motion to reopen, but more than 30 days after the BIA's previous decisions. Accordingly, our court has jurisdiction to review only the BIA's 18 March 2015 decision dismissing Reta's appeal from the denial of the motion to reopen. *See* § 1252(b)(1). Therefore, to the extent his petition challenges aspects of earlier BIA rulings, our court lacks jurisdiction to review these contentions.

Although this petition for review is timely as to the BIA's 18 March 2015 decision dismissing the appeal from the denial of the motion to reopen as untimely, Reta failed to challenge before the BIA the IJ's timeliness determination. Rather, he reasserted the merits of his IAC claim. We lack jurisdiction to consider contentions that were not exhausted before the BIA. *See* 8 U.S.C. § 1252(d)(1); *see also Claudio v. Holder*, 601 F.3d 316, 318 (5th Cir. 2010). We likewise lack jurisdiction to review the IJ's discretion in refusing to *sua sponte* reopen the proceedings. *See Enriquez-Alvarado v. Ashcroft,* 371 F.3d 246, 248–49 (5th Cir. 2004); *see also Mata v. Lynch*, 135 S. Ct. 2150, 2155 (2015).

DISMISSED.