# IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

No. 16-60277
Summary Calendar

United States Court of Appeals
Fifth Circuit

**FILED**

September 27, 2017

Lyle W. Cayce
Clerk

DONG LIN,

                                    Petitioner

v.

JEFFERSON B. SESSIONS, III, U. S. ATTORNEY GENERAL,

                                    Respondent

Petition for Review of an Order of the
Board of Immigration Appeals
BIA No. A094 798 532

Before JONES, SMITH, and BARKSDALE, Circuit Judges.

PER CURIAM:*

Dong Lin, a native and citizen of China, seeks review of a decision by the Board of Immigration Appeals (BIA), declining to exercise its discretion to reopen his removal proceedings *sua sponte*, and denying, as untimely, his statutory motion to reopen his removal proceedings. Lin contends, *inter alia*: the BIA abused its discretion, because he showed both extraordinary circumstances and *prima facie* eligibility for relief from removal.

---

* Pursuant to 5th Cir. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5th Cir. R. 47.5.4.

No. 16-60277

Although he concedes *sua sponte* motions to reopen are solely within the discretion of the immigration judge or BIA, Lin asserts, for the first time on appeal, that this court can review a claim for equitable tolling. Lin is correct we lack jurisdiction to review the BIA's decision not to exercise its discretion to reopen removal proceedings *sua sponte*. *Enriquez-Alvarado v. Ashcroft*, 371 F.3d 246, 250 (5th Cir. 2004); *Mata v. Lynch*, 135 S. Ct. 2150, 2155 (2015). But, we also lack jurisdiction over his assertion he was entitled to equitable tolling of the limitations period for his statutory motion to reopen, because he failed to exhaust administrative remedies under 8 U.S.C. § 1252(d). *Claudio v. Holder*, 601 F.3d 316, 318 (5th Cir. 2010). Along that line, petitioner must "fairly present an issue to the BIA to satisfy [8 U.S.C.] § 1252(d)'s exhaustion requirement". *Id.* (quoting *Omari v. Holder*, 562 F.3d 314, 321 (5th Cir. 2009)). Accordingly, the petition is therefore dismissed in part for lack of jurisdiction.

Petitioner may only file a motion to reopen within 90 days of the removal order petitioner seeks to reopen. 8 U.S.C. § 1229a(c)(7)(C)(i); 8 C.F.R. § 1003.2(c)(2). The BIA dismissed Lin's appeal in November 2008, and Lin did not file his motion to reopen until December 2015. Although we have jurisdiction to review the BIA's denial of Lin's statutory motion to reopen, *see Mata*, 135 S. Ct. at 2154–55, Lin filed his motion more than 90 days after the BIA's 2008 decision. Because he asserts no exceptions to the time bar, other than his unexhausted claim for equitable tolling discussed above, he has not demonstrated the BIA abused its discretion by denying, as time-barred, his statutory motion to reopen. *Zhao v. Gonzales*, 404 F.3d 295, 303 (5th Cir. 2005) (denial of motion to reopen is reviewed "under a highly deferential abuse of discretion standard"). Lin's petition is therefore denied in part.

DISMISSED in part; DENIED in part.

2