FILED

NOT FOR PUBLICATION

DEC 21 2017

UNITED STATES COURT OF APPEALS

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

FOR THE NINTH CIRCUIT


LUU THI PHAM,

Petitioner,

v.

JEFFERSON B. SESSIONS III, Attorney General,

Respondent.

No.    13-71758

Agency No.    A057-960-802
A057-574-457
A057-574-458
A057-574-464
A057-574-465
A058-425-930

MEMORANDUM[*]

On Petition for Review of an Order of the
Board of Immigration Appeals

Argued and Submitted December 8, 2017
San Francisco, California

Before:  M. SMITH and IKUTA, Circuit Judges, and HUMETEWA,[**] District Judge.

Luu Thi Pham ("Pham") petitions for review of the Board of Immigration

Appeals' ("BIA") order dismissing her appeal from an immigration judge's ("IJ")

removal order and order denying her application for asylum.  We have jurisdiction

---

[*]    This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

[**]    The Honorable Diane J. Humetewa, United States District Judge for the District of Arizona, sitting by designation.

under 8 U.S.C. § 1252. *Mata v. Lynch*, 135 S. Ct. 2150, 2154-55 (2015). We review for substantial evidence the determination that an alien is removable for marriage fraud. *Nakamoto v. Ashcroft*, 363 F.3d 874, 881 (9th Cir. 2004). We also review for substantial evidence the factual findings on the asylum petition, *see Khudaverdyan v. Holder*, 778 F.3d 1101, 1105 (9th Cir. 2015), and apply the standards governing adverse credibility determinations created by the REAL ID Act. *Shrestha v. Holder*, 590 F.3d 1034, 1039-43 (9th Cir. 2010) (credibility findings no longer need to go "to the heart of the applicant's claim" under the REAL ID Act) (quoting 8 U.S.C. § 1158(b)(1)(B)(iii))). "Where the BIA issues its own decision but relies in part on the immigration judge's reasoning, we review both decisions." *Flores-Lopez v. Holder*, 685 F.3d 857, 861 (9th Cir. 2012). We deny the petition for review.

Substantial evidence supports the determination that Pham was removable because she entered into her marriage for the purpose of procuring an immigration benefit. *See* 8 U.S.C. §§ 1182(a)(6)(C)(i), 1227(a)(1)(A), (G). We need not determine whether the IJ erred in giving weight to inculpatory statements by Pham's U.S. citizen spouse, Ni Chi Nguyen ("Nguyen") because substantial evidence, independent of Nguyen's statements, supports the finding that Pham is removable for marriage fraud. *See Lata v. INS*, 204 F.3d 1241, 1246 (9th Cir.

2000) (holding that claimant alleging a due process challenge in immigration proceeding must show error *and* prejudice, the latter "essentially a demonstration that the alleged violation affected the outcome of the proceedings").[1] Pham testified that she and Nguyen knew each other for only three days before getting engaged, and soon after their Vietnamese marriage ceremony (the exact date or month of which Pham could not remember), Nguyen returned to live in the United States, only to see Pham over the next six years during his annual visits to Vietnam. *Bark v. INS*, 511 F.2d 1200, 1201-02 (9th Cir. 1975) (holding that the test for bona fide marriage is whether the couple "intend[ed] to establish a life together at the time they were married"). Pham's testimony also established that the couple never held a joint bank account or filed a joint tax return; that her name was never put on the lease for Nguyen's apartment; and that she never paid rent on his property. *Nakamoto*, 363 F.3d at 882 (identifying insurance policies, property leases, tax forms, and bank accounts as types of objective evidence that may support a finding that couple entered into the marriage with the intent to establish a life together). In discounting Pham's testimony as to the bona fides of their

---

[1] We lack jurisdiction over Pham's claim that the IJ erred in admitting Nguyen's statements because the Government failed to use reasonable efforts to afford her an opportunity to cross-examine him. Pham did not raise this challenge to the BIA, and therefore did not exhaust her remedies. *See* 8 U.S.C. § 1252(d)(1); *Barron v. Ashcroft*, 358 F.3d 674, 678 (9th Cir. 2004).

marriage, the IJ noted Pham gave inconsistent testimony regarding when or for how long she lived with Nguyen; was evasive and inconsistent with regard to the information provided to the Department of State about her relationship with her prior husband; gave shifting accounts of Nguyen's visits to Vietnam; and without credible explanation, provided information on immigration forms that was inconsistent with her testimony that she intended to live with Nguyen upon coming to the United States, e.g., by listing her parents' address, not Nguyen's, as her intended permanent residence in the United States, and failing to list Nguyen's apartment as a residence in her asylum application. *See* 8 U.S.C. § 1158(b)(1)(B)(iii) (requiring that the totality of the circumstances be considered when making an adverse credibility determination). Without credible, competing evidence, we are not compelled to find that the BIA erred in concluding that Pham's marriage to Nguyen was not bona fide. Even without Nguyen's statements, substantial evidence supported the finding that the government met its burden to show Pham engaged in marriage fraud by clear and convincing evidence. *See Nakamoto*, 363 F.3d 882-83. Accordingly, any error in considering Mr. Nguyen's statements did not prejudice Pham.

Even assuming that Pham's untimely asylum application was excused due to her lawful non-immigrant status, substantial evidence also supports the finding that

Pham did not meet her burden of showing her eligibility for asylum. *See Shrestha*, 590 F.30 at 1039-40. Pham's asylum testimony was tainted by her misrepresentations about her marriage. "Ninth Circuit precedent permits the BIA to use an adverse credibility finding on one claim to support an adverse finding on another claim…." *Li v. Holder*, 738 F.3d 1160, 1168 (9th Cir. 2013) (finding that application of the maxim *falsus in uno, falsus in omnibus* is appropriate in evaluating witness testimony in immigration cases). Pham's remaining evidence – a list of items taken from her home by the Vietnamese government, a declaration from her father, and documents pertaining to country conditions in Vietnam – did not establish that Pham suffered past persecution.

**PETITION DENIED**.