**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| GURPARTAP SINGH, | No. 20-73659 |
| Petitioner, | Agency No. A200-943-733 |
| v. | |
| MERRICK B. GARLAND, Attorney General, | MEMORANDUM[*] |
| Respondent. | |

On Petition for Review of an Order of the
Board of Immigration Appeals

Submitted February 7, 2022[**]
Seattle, Washington

Before: BYBEE and CHRISTEN, Circuit Judges, and SELNA,[***] District Judge.

Gurpartap Singh, a native and citizen of India, petitions for a review of the

---

[*]     This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

[**]     The panel unanimously concludes this case is suitable for decision without oral argument. *See* Fed. R. App. P. 34(a)(2).

[***]     The Honorable James V. Selna, United States District Judge for the Central District of California, sitting by designation.

Board of Immigration Appeals' (BIA) order denying his motion to reopen removal proceedings. This court previously denied review of the BIA's decision affirming an immigration judge's denial of Singh's original application in which he applied for asylum, withholding of removal, and relief under the Convention Against Torture (CAT). *Singh v. Whitaker*, 750 F. App'x 574 (9th Cir. 2019). Singh seeks reopening so that he may file a new application for these same three forms of relief based upon what he contends are new circumstances giving rise to a credible fear of future persecution. We deny Singh's petition for review.[1]

We have jurisdiction to review an appeal from the BIA's denial of a motion to reopen pursuant to 8 U.S.C. § 1252. *Mata v. Lynch*, 576 U.S. 143, 147–48 (2015). We review such denials for abuse of discretion. *INS v. Doherty*, 502 U.S. 314, 323 (1992). "This Court defers to the Board's exercise of discretion unless it acted arbitrarily, irrationally or contrary to law." *Toufighi v. Mukasey*, 538 F.3d 988, 992 (9th Cir. 2008) (citations omitted). The BIA's determinations of purely legal questions are reviewed de novo, and its factual findings are reviewed for substantial evidence. *Najmabadi v. Holder*, 597 F.3d 983, 986 (9th Cir. 2010). "[O]ur review is limited to the actual grounds relied upon by the BIA." *Id.*

---

[1] Because the parties are familiar with the facts and procedural history, we do not recount them here.

(quoting *Ramirez-Altamirano v. Holder*, 563 F.3d 800, 804 (9th Cir. 2009), *overruled on other grounds by Nunez-Reyes v. Holder*, 646 F.3d 684 (9th Cir. 2011)).

A motion to reopen is generally precluded if it is filed more than ninety days after the final administrative decision is rendered. 8 U.S.C. § 1229a(c)(7)(C)(i); 8 C.F.R. § 1003.2(c)(2). There is an exception to this time-bar for applicants who produce previously unavailable evidence of materially changed country conditions that would, when considered together with the applicant's prior evidence, establish prima facie eligibility for the relief sought. *Toufighi*, 538 F.3d at 993–94; *see also Go v. Holder*, 744 F.3d 604, 609 (9th Cir. 2014) (exception available for CAT claims in addition to asylum and withholding claims). "[T]he changed country conditions exception is concerned with two points in time: the circumstances of the country at the time of the petitioner's previous hearing, and those at the time of the motion to reopen." *Salim v. Lynch*, 831 F.3d 1133, 1137 (9th Cir. 2016). In order to qualify for the exception, "the evidence submitted with the motion to reopen must be 'qualitatively different from the evidence presented at [the] asylum hearing.'" *Id.* (alteration in original) (quoting *Malty v. Ashcroft*, 381 F.3d 942, 945 (9th Cir. 2004)).

Because Singh's motion to reopen was untimely, he sought to avail himself of this exception by submitting evidence with his motion that, he claimed, demonstrated materially changed country conditions. The BIA rejected Singh's claims, instead concluding that his new allegations merely reflected a continuation of the same conditions he had alleged during his hearing before the immigration judge.

The BIA did not err in determining that Singh failed to establish materially changed country conditions to qualify for the exception. Singh included two generalized country reports with his motion to reopen that he asserted demonstrated deteriorating conditions in India. Yet Singh had introduced extensive documentary evidence reflecting the same kinds of intolerance for religious and political minorities, corruption, and violence during his hearing before the immigration judge. *See Najmabadi*, 597 F.3d at 989–90 (requiring "individualized relevancy" rather than evidence that "simply recounts generalized conditions" and noting new country conditions reports were too similar to those submitted previously to constitute evidence of material changes). Additionally, while Singh included several affidavits with his motion to reopen containing allegations of new police threats against his life and violence towards his family in India, he had also proffered similar evidence during his hearing before the

4

immigration judge. Thus, the BIA properly concluded that Singh's new evidence failed to establish qualitative changes in country conditions.

Because we hold the BIA properly determined that Singh failed to demonstrate material changes in country conditions, we do not address additional grounds offered by the BIA for its denial of Singh's untimely motion.

**PETITION FOR REVIEW DENIED**.