Khan v. Garland

BIA
A042 158 406

# UNITED STATES COURT OF APPEALS
# FOR THE SECOND CIRCUIT

# <u>SUMMARY ORDER</u>

RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT.  CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1.  WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER").  A PARTY CITING A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Thurgood Marshall United States Courthouse, 40 Foley Square, in the City of New York, on the 24th day of May, two thousand twenty-four.

PRESENT:
> PIERRE N. LEVAL,
> RICHARD J. SULLIVAN,
> MICHAEL H. PARK,
> *Circuit Judges.*

_____

BIBI FAZEEMA KHAN,
> *Petitioner*,

v.                                                                          **22-6187**
                                                                            **NAC**

MERRICK B. GARLAND, UNITED
STATES ATTORNEY GENERAL,
> *Respondent.*

_____

FOR PETITIONER:                          Meer M. M. Rahman, New York, NY,

**FOR RESPONDENT:** Brian Boynton, Principal Deputy Assistant Attorney General; Carl McIntyre, Assistant Director; Andrew Oliveira, Trial Attorney, Office of Immigration Litigation, United States Department of Justice, Washington, DC.

UPON DUE CONSIDERATION of this petition for review of a Board of Immigration Appeals ("BIA") decision, it is hereby ORDERED, ADJUDGED, AND DECREED that the petition for review is DENIED.

Petitioner Bibi Fazeema Khan, a native and citizen of Guyana, seeks review of an April 13, 2022 decision of the BIA denying as untimely her motion to reopen her removal proceedings. *In re Bibi Fazeema Khan,* No. A 042 158 406 (B.I.A. Apr. 13, 2022). Khan's motion to reopen was based on her assertion that her Notice to Appear ("NTA") was incomplete because it did not state the date of her initial removal hearing, even though she ultimately attended that hearing. We have jurisdiction to review the BIA's denial of Khan's statutory motion to reopen, and we are obligated to exercise that jurisdiction. *See Mata v. Lynch*, 576 U.S. 143, 149–50 (2015). We assume the parties' familiarity with the underlying facts and procedural history.

"We review the denial of motions to reopen immigration proceedings for abuse of discretion." *Ali v. Gonzales*, 448 F.3d 515, 517 (2d Cir. 2006). A

2

noncitizen may file one motion to reopen no later than 90 days after the final administrative decision is rendered. *See* 8 U.S.C. §§ 1229a(c)(7)(A), (C)(i); 8 C.F.R. § 1003.2(c)(2). It is undisputed that Khan's motion to reopen was untimely as she filed it approximately one year and six months after her removal order became final in June 2020. Khan did not assert an exception to the deadline before the BIA, nor does she assert one now. Accordingly, the BIA did not abuse its discretion in denying her motion. *See Ali*, 448 F.3d at 517.

To the extent Khan is arguing that the BIA erred in declining to exercise its authority to reopen *sua sponte* under 8 C.F.R. § 1003.2(a) – an authority that has been circumscribed by amendments that took effect in 2021 – it is well settled that "we do not have jurisdiction to review the BIA's entirely discretionary refusal to reopen a case *sua sponte*." *Li Chen v. Garland*, 43 F.4th 244, 247 (2d Cir. 2022) (alterations and internal quotation marks omitted). While we have recognized an exception to this jurisdictional limitation for situations "where the Agency may have declined to exercise its *sua sponte* authority because it misperceived the legal background and thought, incorrectly, that a reopening would necessarily fail," *Mahmood v. Holder*, 570 F.3d 466, 469 (2d Cir. 2009), there was no such legal error here.

3

The BIA concluded that the argument Khan sought to advance in her motion to reopen – that her NTA was incomplete because it did not contain the date or time of her initial removal hearing – had been forfeited. That conclusion conforms with established agency precedent holding that the NTA requirements are claim-processing rules subject to waiver and forfeiture. *See Matter of Alexandre Ricardo Marcelo Fernandes*, 28 I. & N. Dec. 605, 608 (BIA 2022). Importantly, neither we nor the Supreme Court has disturbed that precedent. *See Chery v. Garland*, 16 F.4th 980, 986–87 (2d Cir. 2021) (holding that *Banegas Gomez v. Barr*, 922 F.3d 101 (2d Cir. 2019), in which we held that the NTA time and date requirement is not a jurisdictional rule, "remains good law" after *Niz-Chavez v. Garland*, 593 U.S. 155 (2021)); *Blackman v. Garland*, 2024 WL 629775, at *3 (2d Cir. Feb. 15, 2024) (summary order) ("The BIA has . . . held that the requirement that an NTA contain the time and place of a hearing is a claim-processing rule . . . . Claim-processing rules may be mandatory, but they are not jurisdictional and are subject to waiver and forfeiture." (internal quotation marks omitted)). Accordingly, to the extent Khan is asking us to review the BIA's decision not to exercise its *sua sponte* authority, we have no jurisdiction to review that decision. *See Li Chen*, 43 F.4th at 253-54; *Mahmood*, 570 F.3d at 469.

4

For the foregoing reasons, the petition for review is DENIED.   As we have completed our review, all pending motions and applications are DENIED and stays VACATED.

FOR THE COURT:
Catherine O'Hagan Wolfe,
Clerk of Court